## GERBERLING v. WUNNENBERG.

1. **Highway**; DEDICATION. The dedication of a highway may be established by use by the public for more than ten years, if during that time it is kept in repair by the road supervisor, with the acquiescence therein of the owner of the land.

*Appeal from Des Moines Circuit Court.*

SATURDAY, APRIL 26.

ACTION in chancery to restrain defendant from closing a public highway. The case was sent to a referee, and upon the coming in of his report a decree was entered in accord therewith granting the relief prayed for in the petition. Defendant appeals.

*J. & S. K. Tracy,* for appellant.

*Hall & Baldwin,* for appellee.

BECK, CH. J.—I. The record before us does not contain the evidence submitted to the referee. The case is presented to us upon his findings alone.

The pleadings put in issue the legal existence of the road in question, which is partly upon defendant's land. The referee found that "the road was opened in 1858, by agreement of the then owners of the land adjoining it, for the purpose of giving a road two rods wide for public use; * * * * * * * * * * * * * * * * * that since said date the road has been traveled continuously, more particularly by persons residing in its immediate vicinity, but to some extent by the public as a public road. Considerable labor has been expended upon the road, but most if not all of it has been voluntary, and not by or under the direction of the road supervisor. * * * * * * * The owners of the land adjoining the road have, for more than ten years prior to the

commencement of this suit, treated this as a public road by erecting fences, so as to leave it unobstructed, and when temporary fences gave way by replacing them with permanent fences, in form of hedges, in such manner as to leave the road unobstructed. Defendant's grantors acquiesced in the use of the road as herein stated. For more than ten years prior to the commencement of this suit defendant owned land adjoining the road, and during all this time it was used as herein stated. Defendant always treated the road as public until about the commencement of this suit. When he inclosed that part of the land which had been uninclosed he erected his fence so as not to obstruct the road, and subsequently replaced such fences with a hedge. The defendant had knowledge of the existence and use of the road, and by words and acts acquiesced in such use for the ten years prior to the commencement of this suit. The road is valuable to the public as a connecting link with other roads."

The referee found as a conclusion of law that "the road is a public highway, established by both dedication and prescription." The defendant filed objections to the referee's report, which were overruled, and this action of the court is assigned for error.

II. The defendant now insists that the facts found by the referee do not authorize the conclusion that the road was 1. HIGHWAY: established by dedication. We think otherwise. dedication. The road was opened by the owners of the land for the purpose of a public highway. The *animus dedicandi* is fully shown. It was used by the public from the day it was opened, and repairs were made by the road supervisor, which warrant the conclusion that it was accepted by the public. It must be regarded as a highway established by dedication, under the prior decisions of this court. *Onstott et al. v. Murray et al.*, 22 Iowa, 457; *Wilson v. Sexon*, 27 Iowa, 15; *The State v. The K. C., St. J. & C. B. R. Co.*, 45 Iowa, 139; *Manderschid v. City of Dubuque*, 29 Iowa, 73.

III. Counsel for defendants cite Code, § 2031, which pro-

vides that evidence of use of a highway alone shall not be sufficient to establish adverse possession of the easement, "but the fact of adverse possession shall be proved by evidence dis. tinct from and independent of the use."

Conceding, for the purposes of this case, that this provision is applicable to the matter in hand, it is very plain that the adverse possession by the public of the road in question is established by the dedication under which the highway was established. Use of the highway — that is, possession — immediately following the dedication, would be presumed to be under the dedication, and, therefore, adverse to the land-owners.

No other questions are presented by the record. The decree of the Circuit Court is

AFFIRMED.