# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT,

# NOVEMBER TERM, 1879.

[No. 6542.]

## POPE ET AL. vs. KINMAN ET AL.

RIPARIAN PROPRIETORS—WATER RIGHTS.—Under settled principles, both of the civil and common law, a riparian proprietor has a usufruct in the stream as it passes over his land.

STATUTE OF LIMITATIONS — PATENT — PRESCRIPTION — QUIET TITLE, ACTION TO.—In an action brought by a riparian proprietor deriving title under a Mexican grant, patented within five years of the commencement of the suit, to quiet his title against parties claiming the right to an exclusive use of the water under an adverse and exclusive user, by themselves and predecessors for over twenty years: held, 1st. That the patent having issued within five years, the Statute of Limitations could have no application; and 2nd, that for the same reason the defendants had not acquired a prescriptive right.

APPEAL from a judgment for defendants in the Eighteenth District Court, County of San Diego. McNEALY, J.

The plaintiffs are the owners of a tract of land described in the complaint, forming part of the Rancho Muscupiabe, a Mexican grant, patented June 22nd, 1872. Lytle Creek is a water-course rising upon Government lands, about six miles above the ranch, and flowing through the lands of the plaintiffs, and through the San Bernardino Rancho, adjoining. Some of the

defendants are owners of portions of one or the other of these ranchos, and others are owners of public lands, acquired from the Government, or occupants of such lands of which the title is still in the Government, all lying below the Muscupiabe Ranch.

The predecessors of the defendants diverted and appropriated all the water of the creek in 1856, or before, and there has been an adverse and exclusive use of the water by the defendants and their predecessors ever since. The defendants claim a right to the exclusive use of the water; and the action was brought to quiet the title of the plaintiffs against this claim. The other facts are stated in the opinion.

*H. C. Rolfe* and *J. B. Harmon,* for Appellants, cited *Wilkins* v. *McCue,* 46 Cal. 656; *Gardner* v. *Miller,* 47 Id. 570; *Henshaw* v. *Bissell,* 18 Wall. 255.

*Byron Waters* and *C. W. C. Rowell,* for Respondents, cited U. S. Rev. Stats. secs. 2339, 2340.

By the COURT:

1. The patent to the Muscupiabe Ranch was issued in 1872, in the month of June, and this action was commenced in May, 1877, and the Statute of Limitations can therefore have no application.

2. For the same reason the defendants can claim nothing as against the owners of the Muscupiabe Ranch, by reason of the lapse of time since their alleged appropriation of the waters of Lytle Creek.

3. No controversy is made in this action as to the rights of those defendants who are riparian proprietors of the stream by reason of their ownership of the San Bernardino Ranch. The principal question presented is, as to whether it is competent to the defendants, by the mere diversion of the waters of Lytle Creek, which is an unnavigable natural stream, flowing across the Muscupiabe Ranch, (the land of plaintiffs) to deprive the plaintiffs of all interest or right of any nature in the waters of

that creek. As being owners of the land, the plaintiffs have an interest in the living stream of water flowing over the land: their interest is that called the riparian right. It is not necessary, in this case, to define in detail the precise extent of the riparian right as existing in this country; it is enough to say that under settled principles, both of the civil and common law, the riparian proprietor has a usufruct in the stream as it passes over his land. The judgment of the Court below deprived the plaintiffs of this usufruct, and declares in terms "that plaintiffs have no right, title, or interest in said waters or any portion thereof."

The judgment of the Court below is therefore modified so as to read as follows:

*First.* That the defendants have nothing as against plaintiffs except only such rights as any of them may have of like character with that of plaintiffs as being riparian proprietors of land bordering on said stream.

*Second.* That none o the dfefendants have any right, title, or interest in plaintiffs' said premises described in the complaint, and they are precluded from setting up any right, title, or interest in said premises, and particularly from any claims therein to the use of ditches upon plaintiffs' said premises, or to the waters of said Lytle Creek, except as riparian proprietors as aforesaid.

*Third.* That plaintiffs have and recover from the defendants their costs and disbursements incurred in this action, amounting to $270.80, together with costs of this appeal.

Remittitur forthwith.