RICE, Appellant, v. BOYD, Respondent.

No. 8660; July 23, 1883.

**Dedication.—When More Than Six Years have Run** from the beginning of a public user of land up to the bringing of suit by the owner, the court is justified in inferring a dedication on the day such user began.

**Dedication—Revocability.—Neither the Owner of Land nor Anyone** claiming under him can recall a dedication once made and accepted, so long as the land remains in the use to which it was dedicated, although, subject to the user, the owner has the fee notwithstanding the dedication.

APPEAL from Superior Court, San Bernardino County.

Satterwhite & Curtis for appellant; W. C. Rowell for respondent.

McKEE, J.—The question in this case is, whether a strip of land about sixty feet wide on the southerly side of ten acre lot number 164 of the lands of the Southern California Association, south of Riverside, is part of a public highway. .

It was admitted at the trial that the land was within the boundaries of the Jurupa ranch, that a patent to the ranch had been issued by the United States government on May 23, 1879, and that the plaintiff derived his title to the ten acre lot from the patentee. And the court found:

"1. That continuously and uninterruptedly from some time prior to February 15, 1876, until April, 1881, a road of sufficient width for the convenient use and travel of a wagon and teams was, and has been, used as a public highway, running easterly and westerly, along and near to the south side of the lot of land described in the pleadings as ten acre lot No. 164, south of Riverside, in this county, and said road was, at the commencement of this action, and during all the time complained of in the complaint, a public highway, and has never been abandoned or discontinued as such.

"2. That in April, 1881, and frequently since then, the plaintiff has interrupted the use of said road as a highway, and placed obstructions therein under claim that there did not

exist any public highway across his said premises, and that the defendant, as road overseer of the district in which the road was situated, entered upon the strip of land in controversy as part of the highway for the purpose of making needed repairs thereon, and not otherwise."

No attack is made upon the findings. The prominent fact then, as found by the court, and with which we have to deal, is user of the land as part of a public highway. It is well settled that adverse occupancy and use of land as a public highway, for a period of time equal to that prescribed by the statute of limitations for bringing ejectment, will justify the presumption of a dedication to the public: Cincinnati v. White, 6 Pet. (U. S.) 431, 8 L. Ed. 452; Onstott v. Murray, 22 Iowa, 459; Geberling v. Wunnerberg, 51 Iowa, 125, 49 N. W. 861; Reed v. Northfield, 13 Pick. (Mass.) 94, 23 Am. Dec. 662; San Francisco v. Scott, 4 Cal. 114; Harding v. Jasper, 14 Cal. 642. Here the user commenced on the 15th of February, 1876, was acquiesced in by the owner and enjoyed by the public, uninterruptedly, until April, 1881, and the suit was not commenced until May 15, 1882; more than six years had therefore run from the commencement of the user until the bringing of the suit, and the court was justifiable in inferring that the owner of the land had dedicated it to public use on the 16th of February, 1876.

That the owner could have made that disposition of it does not admit of question; for he had the same right to donate it to the public for a public use that he had if he wished to transfer it to an individual by grant. As a mode of transfer, one was as effectual as the other; and, when complete in itself, each passes the interest of the owner for the purposes intended. By grant, the owner parts with his title. By dedication, he abandons the land to the public for the use to which he has subjected it; and, upon acceptance by the public, the power of the owner to interfere with the use is gone as effectually as if he had transferred the title by grant. Neither he nor anyone claiming under him can revoke a grant once made and delivered, nor recall a dedication once made and accepted, so long as the land remains in the use to which it was dedicated: Trustees of Hoboken v. Hoboken, 33 N. J. L. 12, 97 Am. Dec. 696; Rees v. City of Chicago, 38 Ill. 322; Harding v. Jasper, supra. And as dedication is completed by the act of the owner

and acceptance (San Francisco v. Canavan, 42 Cal. 543), it would seem that no particular length of time or of user would be necessary to perfect the right of the public to the use. Upon that point there prevailed for a time a diversity of opinion among English judges. In Woodyer v. Hadden, 5 Taunt. 137, Mr. Justice Chambre thought no particular time was necessary for the purpose. If the act of dedication, said he, were unequivocal, it might take place immediately. Lord Kenyon held that a period of six or eight years of general use would be evidence of dedication. Lord Mansfield doubted. But the doctrine of the English cases is thus formulated by Matthews on Presumptive Evidence, pages 319, 320: "Where an intention is plainly and significantly shown from the outset, submission to the public use for six years, or even possibly for a less period, would preclude the owner of the soil from reasserting his ancient right." And in the United States the rule is that no length of time or user is necessary, as in prescription, to perfect the right of the public: Rees v. Chicago, supra; Fisher v. Beard, 32 Iowa, 346; State v. Atherton, 16 N. H. 211; Jasper v. Harding, and San Francisco v. Canavan, supra.

The vital question is, Has dedication, as an investitive fact, been proved? If it has been, the right of the public to the use has become perfect, and it cannot be interfered with by any act of the owner, or anyone claiming under him, in perfecting his title to the soil, or in obtaining a patent from the government, or in acquiring a new title. Dedication, however, does not devest the owner of the soil of his title; he still remains the owner of the fee, subject to the use to which he has dedicated the land; and he may perfect the title which he had, or acquire any new title; but the perfection of his title, or the acquisition of a new title, is only accessory to the fee; it does not affect the use in the public. The right to that use is paramount to the title of the owner of the soil, whatever it may be, and continues until the public relinquishes the land or discontinues the use. In that event the land reverts to the owner; but until then, neither the right of the owner to the soil nor the right of the public to the use is at all affected by the statute of limitations.

Pope v. Kinman, 54 Cal. 3, is not analogous to the case in hand. That was a contest which involved the rights of the

parties to the property in controversy. Against the right asserted by the plaintiff under a patent which had been issued to him by the government of the United States, the defendants claimed adverse right under the statute of limitations; but their claim was held to be unfounded, because the statutory time necessary to establish their claim had not run from the issuance of the patent. No such question is involved in this case. We see no error in the record.

Judgment affirmed.

I concur: Ross, J.

I concur in the judgment: McKinstry, J.