JOSEPH HEWINS *vs.* HUBBELL SMITH.

In an action of trespass for breaking and entering the plaintiff's close, the defence was, that the defendant had a right of way across the close; and he gave evidence tending to show that there had been a road across the close, to which the public had acquired a right by prescription, and that a way, leading from said road to the defendant's land, had been used by him and his predecessors, over the plaintiff's close, for more than twenty years, in passing to and from his land, and that no public road led to his land: To rebut any presumption, arising from this evidence, that the defendant had the right of way claimed by him, the plaintiff took the ground that his own close was part of a large extent of woodland, no part of which was fenced, and that whatever use had been made of the aforesaid road and way was for the purpose of drawing timber, coal and wood, and merely by permission of the owners of the lands; that it was the custom of the people in the vicinity to cross the lands thus situated, for such purposes; and that such use was not intended as an adverse one, and was not claimed as such by any one who availed himself thereof. *Held*, that the plaintiff, for the purpose of showing that the defendant's use of the way across the plaintiff's land was not adverse, might give evidence that there were other ways, leading from the defendant's close, across lands of third persons, to public roads, without showing that the defendant or his predecessors used, or had a right to use, those ways.

When the defendant, in an action of trespass *quare clausum fregit,* justifies under an alleged right of way across the plaintiff's close, acquired by more than twenty years' use, the fact that the plaintiff's grantor conveyed the close to him, after the way was used, without excepting any way, and with covenants of warranty, and against incumbrances, has some tendency, though slight, to show that the defendant's use of the way was permissive, and not adverse.

TRESPASS for breaking and entering the plaintiff's close in Sheffield. The defendant filed a specification of defence, claiming a right of way across said close, the use of which right, as he averred, was the alleged trespass.

At the trial in the court of common pleas, before *Washburn*, J. the plaintiff gave in evidence, in proof of his title to the *locus in quo*, a deed to him from Chauncey Burrall of Sheffield, conveying the same, without excepting any road, and with covenants of warranty and against all incumbrances.

The defendant introduced evidence tending to prove that

for more than seventy years, there had been a road across the *locus*, leading from a highway easterly thereof to a highway westerly thereof, and that the public had acquired a right to this road by prescription ; also evidence tending to prove that a way led from said road to the defendant's close, which had been used by him, and his predecessors, owners and occupants thereof, more than twenty years, in passing to and from said close ; and that no public road ever led to said close, though the same had been cultivated more than forty years.

The plaintiff, to rebut any presumption, arising from the evidence introduced by the defendant, that the defendant had the right of way claimed by him, too' the ground that the *locus in quo* was part of a large exten of woodland, no part of which was enclosed by fences, and tha whatever use had been made of the aforesaid ways was for the purpose of drawing timber, coal and wood, and merely by permission of the owners of the lands; that it was the custom of the people in the vicinity to cross the lands thus situated, for such purposes ; and that such use was not intended as an adverse one, and was not claimed as such by any one who availed himself thereof. Among other evidence, the plaintiff offered to prove that there were other ways, leading from the defendant's close, across lands of others, to public roads. The defendant thereupon objected that such evidence was inadmissible, unless it should be shown that the defendant, or his predecessors, had used, or had a right to use, said ways. The judge overruled this objection, and permitted the plaintiff to prove the existence of said ways, without showing that the defendant or his predecessors used them or had any right therein.

The defendant admitted that he did not claim the right of way, mentioned in his specification, as a way of necessity.

The plaintiff insisted that he had a right to urge to the jury, as a matter of evidence, that Burrall, his grantor, resisted the right of a way or road across the *locus in quo*, inasmuch as he had conveyed it to the plaintiff by a deed with covenants of warranty and against incumbrances. But the judge ruled that no further use could be made of the giving

of that deed, than as an act done by one of the inhabitants of the town for whose benefit the defendant contended that the road had been used.

The jury found a verdict for the plaintiff, and the defendant alleged exceptions to the judge's rulings.

*Sumner & Byington,* for the defendant.

*Twining & Bishop,* for the plaintiff.

WILDE, J. This was an action of trespass *quare clausum fregit,* and the defendant justified the alleged trespass, under a claim of a right of way over the close, and at the trial introduced evidence tending to prove that he and his predecessors, from whom he derived title to his own close, had used a way, passing across the plaintiff's close, for more than twenty years. To rebut any presumption arising from such a use, the plaintiff offered to prove that the *locus in quo* was a part of a large extent of woodland, no part of which was enclosed by fences, and that there were other ways, leading from the defendant's close across lands of others, to the public roads. To the admission of this evidence the defendant's counsel objected, on the ground that it was irrelevant, and was calculated to mislead the jury. This objection was overruled; and we are of opinion that the evidence was not irrelevant, but had a tendency to prove that the use of the way by the defendant was permissive. If lands of other owners in the vicinity were so used without objection, for the purposes of drawing timber, coal and wood, and such use was not intended as adverse to the rights of the owners, it might be presumed, if nothing appeared to the contrary, that the plaintiff's land was used in like manner. We cannot therefore consider such evidence as wholly irrelevant; and unless it was, it was rightly admitted. The plaintiff's land being open and unenclosed is a circumstance from which it might be presumed that the use was permissive; and this presumption would be fortified by proving that all such lands in the vicinity were so used.

The other ruling of the court, to which the defendant excepts, we think, was sufficiently favorable to him The

plaintiff's counsel proposed to argue from one of his title deeds, which conveyed the *locus*, without excepting any way, and with covenants of warranty, that the grantor resisted the right of way; but the court ruled that no legitimate use could be made of that conveyance, further than as an act done by one of the inhabitants of the town for whose benefit the defendant contended the way had been used. This ruling we think was substantially for the defendant; whereas we think the conveyance had some tendency to show that the use of the road was permissive. It was a slight circumstance, however; but if either party had a right to except to the ruling of the court, it was, we think, the plaintiff.

*Exceptions overruled*