THE STATE OF KANSAS V. ARCHIE O'LAUGHLIN, *et al.*

DEDICATION OF HIGHWAY; *Disability of Land-Owner.* An Indian, under disability to convey his lands without the consent of the secretary of the interior, cannot of himself make a valid dedication of a portion of said lands to the public for use as a highway; nor can any dedication be presumed as against him by any user of the public of the highway, or from his acts and conduct in reference thereto.

### Appeal from Johnson District Court.

A CRIMINAL complaint was made by one James Ham before a justice of the peace, charging *Archie O'Laughlin* and *Wm. Ferguson* with willfully and maliciously obstructing a highway, commonly called the "Santa Fé Road," at the points where said road crosses the south and east lines of the southwest quarter of section 3, township 14, range 24, in Johnson county. The action was brought under sec. 17, ch. 108, laws of 1874. A trial was had, verdict and judgment for the state, and appellants appealed to the district court. The cause came on for trial at the June Term 1877 of the district court. The appellants pleaded not guilty. Verdict, guilty. Motion for a new trial overruled, and appellants were adjudged to pay a fine and the costs of the prosecution, and to stand committed to the county jail until paid. From this conviction and sentence defendants appeal, and bring the case here for review.

*J. W. Green,* and *John McKoin,* for appellants.

*Willard Davis,* attorney-general, for The State.

The opinion of the court was delivered by

BREWER, J.: Appellants were convicted of obstructing a highway, and from such conviction have prosecuted this appeal. The principal question is, whether there was a legal highway at the point of obstruction — for that the defendants put up a fence across what had for a long time been a traveled road, was not disputed. The fact of a dedication of the

highway was sought to be established, not by proof of an express written grant, but by evidence of facts and circumstances from which a jury might infer a dedication; and to this matter nearly all the testimony and instructions were directed.

The highway in question is what is familiarly known in Kansas history as the old Santa Fé road, and has in its general course and direction been used as a highway ever since 1832. During all these years it has crossed the quarter-section, the fencing of which is the wrong now complained of. The quarter-section was a part of the Shawnee reservation, and was included in the 200,000 acres ceded by the United States to the Shawnee Indians by the treaty of 1854. (10 U. S. Stat. at Large, 1053.) It was patented to Nancy Griffin, a member of the tribe, by patent of date 28th December 1859, which patent contained the following restriction — "that the said tracts shall never be conveyed by the grantee, or her heirs, without the consent of the secretary of the interior for the time-being." She conveyed, by approved deed, June 16th 1863, since which time the title has passed through several hands. The court at the instance of the state gave several instructions upon the general subject of the dedication of highways, and the kind and quantity of proof necessary to establish such dedication, which appear to state the law correctly. The defendants on the other hand asked an instruction to the effect, that an Indian, under disability to convey without the consent of the secretary of the interior, had not the power to dedicate a highway, and that no presumption of a dedication by such Indian would arise from its use as a highway. This instruction was refused. And in this refusal we think the court erred. A want of power to dedicate, is conclusive against all evidence of dedication. Proof of user by the public, and of the acts and conduct of the owner, is received as evidence of a dedication by the owner. It may be sufficient to establish such dedication, though never considered equal to a written conveyance by the owner. It is simply in lieu of and as a substitute for such conveyance.

33—19 KAS.

But if the owner has not power to convey, the written conveyance would be void; and *a fortiori,* that which is a mere substitute for and inferior to the conveyance, must be wholly void.

In *Watkins v. Peck,* 13 New Hamp. 360, it is said, that "it would be absurd to presume a grant where it was clear that no such grant could have existed." In *Reimer v. Stuber,* 20 Penn. St. 453, it was decided, that "no presumption of a grant arises from the adverse enjoyment of an easement against a minor or *feme covert."* In the case of *Melvin v. Whitney,* 13 Pick. 184, the time of minority of an owner was excluded in computing the time necessary to create a highway by prescription. In *Lowell v. Daniels,* 2 Gray, 168, it appeared that a woman during coverture executed a deed of her lands, dating the same as of a time before marriage, and signing thereto her maiden name. The title thereafter passed to a *bona fide* purchaser, and still she was held not estopped to avoid the deed. In delivering the opinion, Gray, J., uses this language: "We think a married woman cannot do indirectly what she cannot do directly; cannot do by acts *in pais* what she cannot do by deed; cannot do wrongfully what she cannot do rightfully. She cannot by her own act enlarge her legal capacity to convey an estate." In 2 Washburn on Real Property, p. 48, § 26, the law is thus stated: "Another circumstance essential to acquiring an easement in land, is, that the land during the time of the easement being acquired should be in the possession and occupation of some one as owner of the inheritance who is not under any disability to resist the use, and who may be presumed to have made a grant of such easement from his having been, at the time, of capacity to make it. If therefore the servient estate, during a part or all of the time belongs to a minor, an insane person, or *feme covert* married before the user began, it would prevent the easement being acquired." See also Angell on Highways, § 134; *Post v. Pearsall,* 20 Wend. 111; *Bayou v. Mann,* 59 Ill. 492; *Todd v. P. Ft. W. & C. Rld. Co.,* 19 Ohio St. 514.

. The principle underlying these authorities seems to us conclusive here. Suppose Nancy Griffin had executed a written grant of the highway, it would have been void. She could convey nothing without the consent of the secretary of the interior. If her conveyance actually made passed nothing, then it were useless to offer testimony to prove such a conveyance, or facts from which one might be presumed. It may be said that a valid transfer of her title might be obtained by her deed with the official approval of the secretary. So can a valid title to the property of a minor, or insane person, through judicial proceedings. Yet this possibility of acquiring title in no way affects the personal disability to convey, or opens the door to a presumption of a conveyance. There must be official action to support a conveyance. Official action is matter of record, and a record is its own witness. It follows therefore that no presumption of a dedication could arise from user by the public during the time the title was in Nancy Griffin, or from her acts and conduct in respect to such user.

For this error, and without inquiring as to the other matters discussed in the briefs, the judgment of the district court will be reversed, and the case remanded for a new trial.

All the Justices concurring.