## FREDERICK HERHOLD *et al.*

### *v.*

## THE CITY OF CHICAGO.

*Filed at Ottawa January 23, 1884.*

1. DEDICATION—*of street—travel and work on vacant land.* The public traveled over certain premises as they would over a public street, in a city, from 1850, or earlier, until in 1866 or 1867, when the owner of the land closed the travel by fencing up the street, during which time there was a line showing the travel, and the lines of the gutters were or had been marked by plowing furrows and scraping the earth to the middle of the street, some of which work was done by the municipal authorities, it appearing that at the time of such travel the premises were vacant and unoccupied, and there were but few houses or other improvements in the vicinity: *Held,* that the facts would not justify an inference of a public street by dedication, or estop the owner from denying a dedication.

2. INSTRUCTIONS—*law may be given on either side.* It matters not at whose instance instructions are given, so that if all that is proper in refused instructions is contained in those given at the request of the other side, there is no error.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. EDWARD ROBY, for the plaintiffs in error:

User makes a *prima facie* case of a highway, and it is unnecessary to inquire who the owner was. *Regina* v. *Petric,* 30 Eng. L. & Eq. 207; *Regina* v. *East Mark,* 11 Ad. & Ell. (Q. B.) 876; *Jarvis* v. *Dean,* 3 Bing. 446; *State* v. *Thomas,* 4 Harr. 568; *State* v. *Sartor,* 2 Strobh. 61; *Schenley* v. *Commonwealth,* 36 Pa. 58; *Shaw* v. *Crawford,* 10 Johns. 236; *Greeley* v. *Quimby,* 22 N. H. 338; *Abbott* v. *Mills,* 3 Vt. 521; *Follansbee* v. *Chicago,* 62 Ill. 288.

Long use of way is evidence that it was duly laid out. *Colden* v. *Thurber,* 2 Johns. 424; *Pritchard* v. *Atkinson,* 3 N. H. 335; *Commonwealth* v. *Cole,* 26 Pa. 187; *Deming* v. *Roome,* 6 Wend. 656.

A grant is presumed from the enjoyment of a way for twenty years. 3 Cowen & Hill's notes to Phillips on Evidence, *510; *Folkes* v. *Chadd,* 3 Doug. 343; *Lewiston* v. *Procter,* 27 Ill. 414; *Grube* v. *Nichols,* 36 Ill. 92; Dillon on Mun. Corp. sec. 637; Angell on Highways, sec. 323.

Illinois authorities in harmony with the above principles: *Marcy* v. *Taylor,* 19 Ill. 635; *Alvord* v. *Ashley,* 17 id. 368; *Warren* v. *Jacksonville,* 15 id. 240; *Manly* v. *Gibson,* 13 id. 312; *Rees* v. *Chicago,* 38 id. 336; *Smith* v. *Town of Flora,* 64 id. 95.

Taxing the land is no evidence that it was not a street. *Chicago* v. *Wright,* 69 Ill. 328; *Lemon* v. *Hayden,* 13 Wis. 159; *Wyman* v. *State,* 13 id. 663:

A public highway is not lost by *laches* of road officers, or mere non-user. Angell on Highways, secs. 168, 321; *Lewiston* v. *Procter,* 27 Ill. 414; *White* v. *Crawford,* 10 Mass. 183; Washburn on Easements, 670.

Mr. FRANCIS ADAMS, for the defendant in error:

The signers of the petition are estopped from claiming that the land was a public highway, (*Hines* v. *Jeanpert,* 65 Ill. 430, *Gebhardt* v. *Reeves,* 75 id. 307,) just as the city would be estopped from claiming a dedication after instituting condemnation proceedings. *Princeton* v. *Templeton,* 71 Ill. 71.

The proof should be very satisfactory of intent to dedicate, or of matters to estop party from denying such intent. *Kelly* v. *City of Chicago,* 48 Ill. 390; *Fisk* v. *Havana,* 88 id. 208; *Manrose* v. *Parker,* 90 id. 583; *Chicago* v. *Johnson,* 98 id. 618; *Illinois Ins. Co.* v. *Littlefield,* 67 id. 368; *Kyle* v. *Town of Logan,* 87 id. 69.

Dedication being the joint effect of an intentional appropriation by the owner of the land, and an acceptance by the public, it follows no presumption of dedication can be made where circumstances exist which negative the presumption of an intent to dedicate. *Marcy* v. *Taylor,* 19 Ill. 634; *Rees*

v. *Chicago,* 38 id. 322; *Grube* v. *Nichols,* 36 id. 92; Washburn on Easements, 134.

It is not the law in this State that the public may acquire a perpetual easement over vacant, uninclosed prairie land by merely traveling across it, nor that the owner of vacant prairie land must inclose it or else lose his estate. *Warren* v. *Jacksonville,* 15 Ill. 241.

·Mr. JUSTICE SCOTT delivered the opinion of the Court:

This is a writ of error to reverse a judgment of the Superior Court confirming a special assessment against the property of certain parties for benefits resulting to the same on account of a proposed extension of Morgan street through to Milwaukee avenue, by condemning therefor certain premises described, in a proceeding had for that purpose. No objection is taken to any of the proceedings for the condemnation of the property for the purpose of a street, nor to the ordinance of the city requiring the extension of Morgan street to be made. The damages the owners whose property was taken would sustain were regularly ascertained in the mode pointed out in the statute, and judgment was rendered on the verdict finding the compensation to be paid to the owners. Afterwards a petition was filed under the general Incorporation law asking the court to cause an assessment to be made against the property benefited by such improvement, which was done, and as to the regularity of the proceedings had on that petition it is not understood any objection is taken,—at least none is insisted on in this court. An application was made for the confirmation of the assessments so made, and it was upon the hearing of that application the owners of property assessed came into court and filed objections. After hearing evidence the court overruled the objections, and entered a judgment of confirmation. To reverse that judgment objectors have brought the case to this court on error.

The only objections insisted on in this court are the third, and fourth of the series filed in the trial court, which are as follows: "3. That North Morgan street has long since been, and now of right is, a street or highway through to Milwaukee avenue, the sides thereof being produced in straight lines, as laid out and opened in Ogden's addition, through to Milwaukee avenue, and the same ought to be opened and used as such. 4. Part of the land sought to be condemned for the proposed extension of Morgan street is already a part of Morgan street, which the public have the right to use and occupy as such."

The assessments made against property thought to be benefited by the proposed extension of Morgan street are quite large, and in some instances no doubt they will bear heavily, if not oppressively, on the owners. But that phase of the case is not open to consideration in this court.

The question made as to the existence of a street at the point in controversy is purely one of fact, and has been considered with that care its importance demands. There is no pretense the premises were ever condemned for the use of a street by the municipal authorities. If the public ever acquired an easement over the premises prior to the time these proceedings were instituted, it must have been by dedication by the owners, either by positive acts or by acts from which a dedication might be implied or inferred. No satisfactory evidence of prior dedication by the owners of the property now condemned appears in this record. Nor is there any proof of overt acts which ought equitably to estop the owners from asserting there had been no dedication of the land for the use of the public. It is no doubt true the public traveled over these premises as they would do over a public street, from quite an early day, perhaps further back than 1850, and continued to do so up to the time when what was then thought to be a street was closed up by the owners, in 1866 or 1867. It is proven people used Morgan street up to

Milwaukee avenue. There was a line showing travel, and the lines of the gutters were, or had been, marked by plowing furrows and scraping the earth to the middle of the street. This work, at least some of it, seems to have been done by the municipal authorities. But a satisfactory explanation is given of what was done, consistently with the non-existence of any legal highway or street. At that date the premises were vacant and unoccupied, and there were but few houses or other improvements in the vicinity. The public could travel over the premises unobstructed. During much of the time the owner was a non-resident, and no particular notice seems to have been taken by the owner or his agent of the use the public was making of his property. About the year 1866 or 1867 the owners undertook to close up what persons residing in the vicinity seem to insist was a highway or street, by fencing it across. Considerable controversy arose concerning the existence of the street at the point where the obstruction was placed. It seems a petition was presented to the city council, asking to have the premises opened as a street. The result was, the owners filed a bill, August 24, 1867, to enjoin the city authorities from extending Morgan street through to Milwaukee avenue over the *locus in quo* until the property should be lawfully condemned and due compensation paid. On the hearing of that cause the injunction was made perpetual, and that decree remains in full force to this day. Since then the premises have remained closed against the public until these proceedings were instituted, in 1880, to condemn the same for the purposes of a street. It will not be necessary to consider to what extent the public will be bound by that decree. The decision of the present case need not be placed on the ground the public were concluded by the previous litigation concerning the existence of a street at the point in controversy. It may be placed on the broad ground there is no satisfactory evidence of any previous dedication of the property to public use, nor of any such acquiescing on the

part of the owners to the use of the property for the purposes of a street by the public as ought to estop them from asserting the fact there was no dedication. It seems clear the use the public made of the right of passage over the property was without authority of law, and it is not shown the owners ever, either expressly or impliedly, consented to that use of their property. When it became necessary to do so, the owners asserted dominion over their property, and absolute ownership, unincumbered by any easement in favor of the public, which right was sustained by a decree of the court that has never been annulled or reversed. Since then their claim of ownership has been acquiesced in by the public authorities who have control of the streets and highways of the municipality.

No objections are perceived to any of the instructions given for the city. But few in number, they state the law applicable to the facts of the case with sufficient accuracy. On behalf of the objection a great number of instructions,— seventeen in all,— were asked, all of which were refused except the sixteenth of the series. Some of these instructions might have been given. But all that was proper in the refused instructions to go to the jury was contained in the instructions given by the court for the city, and it is a matter of no consequence at whose instance the instructions were given. Many of the instructions asked by the objectors had relation to immaterial matters, and the effect, if given, would have been to mislead rather than to enlighten the jury. All the evidence considered, no ground exists for the assumption Morgan street had previously been dedicated through to Milwaukee avenue, and a verdict finding such was the fact would not be permitted to stand. That being the case, the error, if any exists, in refusing the instructions, did objectors no harm.

The judgment of the Superior Court must be affirmed.

*Judgment affirmed.*