## THE STATE OF KANSAS v. A. HORN.

1. ROAD, *When not a Public Road.* Where land is vacant and unoccupied, the mere fact that individuals travel over it and use it as a road for more than fifteen years, is not sufficient to constitute it a public highway.

2. ROAD, *When not a Public Highway by Prescription.* Where a road has been traveled for more than fifteen years, but has not been established under the statutes of the state, and has not been expressly dedicated nor impliedly dedicated, unless by prescription or limitation, and the land over which it runs was for several of the first years vacant and unoccupied, *held*, that such road is not a public highway by prescription or limitation, unless the public, by its constituted authorities, took the possession of the road and used it and maintained it as a public highway for at least fifteen years.

*Appeal from Leavenworth District Court.*

PROSECUTION for obstructing a public road.   At the April Term, 1886, the defendant *Horn* was found guilty, and sentenced to pay a fine of $50 and costs.   He appeals.   The material facts appear in the opinion, and in *The State v. Horn,* 34 Kas. 556, *et seq.*

*J. P. Usher,* for appellant.
*Wm. Dill,* county attorney, for The State.

The opinion of the court was delivered by

VALENTINE, J.: This case has once before been in this court.  (*The State v. Horn,* 34 Kas. 556.)  After its return to the district court, it was again tried before the court and a jury, and the defendant was again convicted, and was adjudged to pay a fine of fifty dollars and the costs of the suit.   He again appeals to this court.

On the second trial, the state introduced evidence which tended to prove that A. Stephens resided at Lenape; that he had a son William, a young man, who generally signed his name "W. Stephens;" that this young man was very well known at that place; that the two owned a drug store at Osawatomie; that the son kept the drug store, though he was frequently at home at Lenape; that A. Stephens acted as one of the commissioners in locating the road, and that W. Stephens took no part therein.   It will be remembered that it was W. Stephens, and not A. Stephens, who was appointed one of the commissioners.   Only one of the commissioners out of the three appointed, acted in viewing and locating the road.   The state then offered in evidence the records of all the proceedings had in, or having any connection with, the location or establishment of the road, and just such records as were introduced on the former trial, but the court excluded the evidence.   The state then attempted to prove that the road had become a public highway by prescription, limitation, or dedication; but about the only evidence introduced which tended to show this is as

follows: In April or May, 1868, William G. Harris, with a half-breed Indian, traveled along this road as an Indian trail. From this time on up to the present time the road has been more or less traveled. The land, however, over which this road ran, and the land in that vicinity, was at that time and for several years afterward open and unfenced, permitting people to travel where they pleased. On September 20, 1869, proceedings were commenced to lay out and establish a public county road in that vicinity, and on December 6, 1869, the proceedings culminated in the attempted establishment of this road as a county road, as stated in the case of *The State v. Horn*, supra. This road is the old Indian trail, and the road now in dispute. Some time after the supposed establishment of this road, but just when is not shown, the road was opened and improved by the road overseer, and has since been traveled, up to the present time. The land claimed to have been taken and appropriated as a public highway by the attempted establishment of this road, was not at that time fenced or occupied in any manner, nor was it or any of the land in that vicinity so fenced or occupied for several years afterward, except that the railway company operated its railway over a portion of such land, and it does not appear that the railway company has ever acknowledged or admitted that any public highway has ever been located or established over the ground over which the present road runs. The land over which the present road runs was granted to the railway company's predecessor by the act of Congress of July 1, 1862, for a right-of-way, (12 U. S. Stat. at Large, 489, *et seq.*;) and the road runs near to and parallel with the company's railway track. This action was commenced on August 18, 1884.

Now the question as to what the rights of the railway company are as between it and the United States, is a question which it is wholly unnecessary to decide in this case; for the case may be decided and finally disposed of as between the present parties without deciding such question. The railway company claims that under the facts of this case no public highway has been created where the present road is located,

either by the foregoing proceedings, or by prescription or limitation, or by dedication; and it further claims that under the acts of congress and the Indian treaties giving to the railway company its right-of-way, no public highway could be so created. We shall assume, however, for the purposes of this case, and as the prosecution claims, that the railway company owns the land over which the road runs to such an extent and in such a manner that the road could be created and established as a public highway by legal proceedings under the statutes of Kansas, or by prescription or limitation, or dedication, notwithstanding the acts of congress and the Indian treaties, and notwithstanding the fact that the road is located on the railway company's right-of-way and near to and parallel with its tracks. But the question then arises: Has the present road been created a public highway in any such manner, or in any manner whatever? That the road has not been created a public highway by any kind of proceedings under the statutes of Kansas, is clear beyond all question. Nor has it been created a public highway by any express dedication; for no owner of the land — neither the Indians, nor the United States, nor the railway company, nor any one of its predecessors — has ever expressly dedicated the same as a public highway; and there has never been any implied dedication, unless it is such a dedication as arises from prescription or limitation. Therefore, if such road has ever become a public highway at all, it must have become such by prescription or limitation, or a dedication in the nature of prescription or limitation; and if it has become such in this way, then it must have become such only by the authoritative use of the same by the public as a highway for at least fifteen years, with the knowledge of the owner of the land; for fifteen years in this state is the limitation prescribed by statute for the commencement of civil actions for the recovery of real property held adversely to the owner. The mere fact that individuals — many or few — may have traveled along this road or over the same for more than fifteen years, is not enough to constitute it a public highway, where the land itself is vacant and unoc-

cupied, as this has been, and where no action has been taken by the public authorities to constitute the road a public highway, or to keep it in repair, or to maintain it as such. (*Smith v. Smith*, 34 Kas. 293, 301, and authorities there cited.) Individuals travel over the ground merely because it is convenient for them to do so, and generally without any expectation or design or authority to constitute the place where they travel a public highway; and by such traveling they cannot set in operation any prescriptive right, or any right by limitation. In order to start in operation any prescriptive right, or any right by limitation, to use a piece of ground as a public highway, the public by its constituted authorities must take the actual possession of the ground and use it as a public highway. (Angell on Highways, 3d ed., § 151.) Now if we are correct in this, then the present road was not a public highway when this action was commenced. The public by its constituted authorities did not take possession of this property as a public highway prior to the attempted establishment of the same as a public highway, which was December 6, 1869; and probably the public by its constituted authorities did not take the possession of this property *as a highway* for many months, possibly years, after that time. When it was first opened or worked by the road overseer is not shown, but it was more than fifteen years before this action was commenced. It was not fifteen years from December 6, 1869, when the attempt was made to establish this road as a public highway, to August 18, 1884, when this action was commenced. Indeed, it was not fifteen years from the time when the first legal proceedings were instituted to make this road a public highway, to the time when this action was commenced. Hence there is no room in this case for any right by prescription or limitation to operate, and under no aspect of this case can this road be considered as a public highway.

The judgment of the court below is erroneous. Errors were committed by the court below in the instructions given to the jury, and in the refusal to give instructions, and in not granting a new trial; and for these errors the judgment of the court

46 —.35 KAS.

below must be reversed, and the cause remanded for a new trial.

All the Justices concurring.