GEORGE D. RATHMAN, PLAINTIFF IN ERROR, V. PETER
NORENBERG, DEFENDANT IN ERROR.

1. **Trial:** CONFLICTING EVIDENCE. Where the testimony is con-
flicting and nearly equally balanced, the verdict will not be set
aside as being against the weight of evidence.

2. **Roads:** ESTABLISHMENT BY USER. A public road over wild
unenclosed prairie lands cannot be established by mere user, yet
where the testimony shows that the land owner assisted in stak-
ing out and afterwards dedicated such road to the public, which
accepted and worked the same, the jury will be justified in
finding the establishment of such public road.

3. ————: DEDICATION. Where there is testimony tending to show
a dedication, *Held,* That the following instructions were prop-
erly refused : I. That there is no evidence from which the jury
would be warranted in finding a dedication by the plaintiff to
the public of a right of way across his lands where alleged tres-
pass was committed. II. There has not been shown affirmative
act of dedication to the public of right of way across the plain-
tiff's land by any previous owner thereof when the alleged tres-
pass was committed.

ERROR to the district court for Washington county.
Tried below before WAKELEY, J.

*Jesse T. Davis, George B. Lake,* and *H. E. Powers,* for
plaintiff in error.

*W. C. Walton* and *Osborn & Farnsworth,* for defendant
in error.

MAXWELL, CH. J.

This action was brought in the district court of Wash-
ington county by the plaintiff against the defendant to
recover damages for breaking down the fences and destroy-
ing the crops growing on the plaintiff's land. The defend-
ant filed an answer as follows :

"Denies that on the 8th day of July, 1885, or at any

other time, either prior or subsequent thereto, he did unlawfully, willfully, and with force break and enter upon the lands of plaintiff described in plaintiff's petition, or upon other lands of plaintiff. Defendant denies each and every other allegation of fact in plaintiff's petition contained, except such as are admitted, or otherwise explained or answered.

"Defendant alleges that on the 8th day of July, 1885, and for a long time prior thereto, defendant was the road overseer of road district No. 2, of Washington county, Nebraska, and that the lands described in plaintiff's petition are included in and comprise a part of said road district over which defendant is overseer as aforesaid.

"And this defendant further states that for more than twenty years last past there has been, and still is, and was on the 8th day of July, 1885, a public road or highway over and across the lands described in plaintiff's petition and through the cultivated farm now occupied by the plaintiff, being the premises described, which has been during all of said time continuously traveled by the public generally with the knowledge and consent of the owner, and since the spring of 1869 has been one of the main thoroughfares leading to the present city of Blair, over which the travel to and from said city passed, and for more than fifteen years has been kept, maintained worked, improved, repaired, and accepted by the public and by the public authorities of Washington county, Nebraska.

"Defendant further states that in the month of June, 1885, written notice was served upon him as such overseer, by citizens who had a right to travel over said road, notifying him that said road had been obstructed and fences placed across the same by the plaintiff, and demanding of him that as such overseer he remove said obstructions and open up said highway for travel by the public.

"Defendant further states that immediately thereafter he as such overseer notified said plaintiff to remove said

fence and obstructions from said road, which plaintiff refused to do.

"Defendant further states that on or about the 8th day of July, 1885, after repeated notices to said plaintiff to remove said obstructions, this defendant, in his official capacity as overseer as aforesaid, opened said fences at the point where the same crossed said highway, sufficiently to allow the passage of vehicles, and with his team drove along said highway, and defendant denies that he did any other damage than to open said fences and drive along said highway, and denies that he trespassed upon said lands and that he did any damage whatever, or that he did any act except to remove a portion of the obstructions that plaintiff had unlawfully placed in said public road, and which it was the duty of defendant, by law, to do as such overseer."

The reply denies the facts stated in the answer.

On the trial of the cause the jury returned a verdict in favor of the defendant, upon which judgment was rendered.

The errors assigned are:

1st. Error of the court to charge the jury as requested by the plaintiff.

2d. Error of the court in the admission of testimony over the objections of the plaintiff.

3d. Error of the court in the rejection of the testimony and evidence offered by the plaintiff.

4th. Error of rule occuring at the trial and excepted to by the plaintiff.

5th. The verdict is not sustained by sufficient evidence, and is contrary to law.

The testimony tends to show that in 1857 one Zimmerman settled upon the land over which the road in controversy is located and soon afterwards pre-empted the same; it also shows that in order to enter the land he borrowed a land warrant from one George Mallow, and gave Mal-

low a mortgage on the land to secure the amount due for the land warrant; that in the year 1860, being unable to pay Mallow the amount due on the land warrant, he conveyed the land to him. There is also testimony tending to show that in the year 1857, Mallow and others staked out the road in question, and that after the land was entered and Mallow became the owner thereof, he recognized the existence of said road and claimed to one Wild, who desired to purchase the land, that the land was thereby rendered more valuable. The road passes near the head of two gulches, and the testimony tends to show that the soil at the head of each of the gulches has·been cut away somewhat by the action of the water from rains and melting snows, so that the track at those points has been moved somewhat away from the original line. The lands over which the road runs was unimproved, but a considerable portion of it was used as hay land, and was mowed yearly. There is a direct conflict in the testimony as to the amount of travel over the line of road originally located, a number of witnesses swearing that the travel diverged a considerable distance from the line as first located, while an equal number testify that the travel, except during the winter or early spring, when the road was bad, has followed the original location. In this condition of the testimony, it is impossible for a reviewing court to hold that the jury were not warranted in finding as they have done.

If the testimony is true that Mallow assisted in staking out this road and gave his consent to its continued use after he became the owner of the land, the jury were justified in finding that there had been a dedication.

In *Graham v. Hartnett*, 10 Neb., 518, it was held that the existence of a public road by mere user did not apply to wild unenclosed prairie land. We adhere to that decision; but this rule will not apply where the land owner permanently surrenders the tract or tracts as traveled, for public use. There was no testimony tending to show a

dedication in *Graham v. Hartnett, supra.* The rule as stated in that case, therefore, is not applicable to this.

The testimony shows that Mallow conveyed to the plaintiff, in the year 1884, the land over which the road was located, Mallow having been continuously the owner thereof from the year 1860, and said road during all that time having been travelled substantially on the line as staked out. The plaintiff, therefore, was bound by the acts of his grantor in locating and dedicating the road in question. *Graham v. Flynn, ante,* p. 229; S. C., N. W. R., 742.

The plaintiff asked the following instructions:

"I. That there is no evidence from which the jury would be warranted in finding a dedication by the plaintiff to the public of a right of way across his land where the alleged trespass was committed."

Refused. It is for the jury. E. W. Ex. by plaintiff.

"II. There has not been shown by the testimony affirmative act of dedication to the public of a right of way across the plaintiff's land by any previous owner thereof when the alleged trespass was committed."

Refused. It is for the jury. E. W. Ex. by plaintiff.

"III. A public highway across the land of a private person cannot be established as against him by mere user, but in addition thereto there must be such attendant circumstances as show that the user was under a claim of right to use it to the exclusion of all control or dominion of the owner."

Given. E. W.

"IV. In order to establish a public highway or road over the land of a private person by use, it must not only be used in such manner as to show that the public accommodation requires it, but also that during the time of such use it was the intention of the owner to dedicate the way to the public."

Refused. Given as deemed correct in other instructions. E. W. Ex. by plaintiff.

We think there was no error in the refusal to give the instructions named. The last instruction had already been given by the court on its own motion, while the first and second were not justified by the evidence, as there was testimony before the jury from which they might find a dedication, and also that the public had accepted the same by repairing and improving the road. The court did not err, therefore, in its refusal to give the first, second, and fourth instructions asked. There is no error apparent in the record, and the judgment of the court below is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.