J. V. FRENCH ET AL. v. CHARLES SCHEUBER ET AL.

No. 680.

**Dedication — Revocation Before Acceptance.** — In order to render irrevocable a dedication to public use evidenced only by acts and declarations, it must have been consummated by an acceptance.

APPEAL from Tarrant.   Tried below before Hon. R. E. BECKHAM.

*Ross, Chapman & Ross,* for appellants.—1. The intent, to be ascertained from the acts and declarations of the owner of the land, to dedicate the land absolutely and irrevocably to the public use, must clearly and unmistakably appear to constitute a dedication.   Ramthun v. Halfman, 58 Texas, 551; Washb. on Ease., 182; Elliott on Streets and Roads, 92; Niagara Falls, etc., v. Bachman, 66 N. Y., 261; San Francisco v. Canovan, 42 Cal., 541; Kelly v. City of Chicago, 48 Ill., 390.

2. When there is a dedication of an alley to public use in a city, there must be an express or implied acceptance by the proper municipal authorities; and a prescriptive right of way over unenclosed lands can not be acquired by a mere user thereof.   Guilder v. Brenham, 67 Texas, 345; City of Galveston v. Williams, 69 Texas, 449; 2 Sayles' Real Estate Laws, art. 668; Stewart v. Frink, 55 Am. Rep., 618; Worthington v. Wade, 82 Texas, 26; Fox v. Virgin, 11 Ill. App., 513; Herhold v. City

of Chicago, 108 Ill., 467; Rowland v. Wolfe, 19 Am. Dec., 651; Sims v. Davis, 34 Am. Dec., 581.

3. The owner of land may recall his dedication of a way at any time before it has been accepted, or before any valuable rights have been acquired upon the faith of the dedication, or by adverse user. Elliott on Roads and Streets, 119, 137; Eureka City v. Croghan, 81 Cal., 524; Stewart v. Frink, 55 Am. Rep., 618; Lawton v. Rivers, 13 Am. Dec., 741; Rowland v. Wolfe, 19 Am. Dec., 651.

*Wynne, McCart & Booty*, for appellees.—It is enough to constitute a dedication of land to public use that there has been some clear, unequivocal act or declaration of the proprietor evidencing such intention, and that others have acted on the faith of such manifested intention; and acceptance may be without improvement, repair, or other municipal action. Oswald v. Grenet, 23 Texas, 94; Albert v. Railway, 2 Texas Civ. App., 667; Railway v. Lee, 70 Texas, 493; San Francisco v. Canovan, 42 Cal., 534; Washb. on Easements, *132–*135, *239, *240; Kyle v. Town of Logan, 87 Ill., 66; Marcy v. Taylor, 19 Ill., 636; Hall v. McLeod, 2 Metc., 104; The State v. Trask, 27 Am. Dec., 562; 2 Smith's Lead. Cases, 9 Am. ed., 1407, 1408.

STEPHENS, ASSOCIATE JUSTICE.—In the spring of 1874 John S. Hirshfield caused the Hirshfield Addition to the city of Fort Worth to be subdivided into lots and blocks, as shown by a map prepared by Zane Cetti at his instance. According to this map, block 6 in said addition was left a solid block, without any streets or alleys running through it.

Thereafter, during that year, Hirshfield, for the first time, conveyed lots in said addition, among others, to James M. Grath and Joseph H. Brown, "agreeable to the plat of said addition," the lots so conveyed being 2 in block 3 and 1 and 3 in block 3. Some of the appellees claim as remote vendees under these conveyances.

Previous to the making of said map and conveyances, Hirshfield made casual statements to at least two parties which indicated an intention to leave a street or alley through said block 6. From the decree establishing this alley appellants have taken this appeal, insisting that the uncontroverted testimony did not warrant the judgment rendered, it not being a case of conflicting evidence.

After a careful consideration of the statement of facts, we have reached the conclusion that this contention should be sustained. According to our construction of the evidence, the intention, as manifested by the casual declarations referred to, to dedicate an alley to public use, which Hirshfield may have entertained prior to making a map and subdivision of said addition, was by the map, deeds, and other acts fully withdrawn and revoked before there had been any acceptance of the donation, and before

any of the appellees had acquired rights on the faith of such alleged dedication.

While the intention to make a dedication to public use may be shown by acts and declarations as well as by deed, and while acceptance on the part of the public may be inferred, still in order to make such donation irrevocable, the clear and unequivocal intention to make the dedication must be consummated by an acceptance, or, like any other proposed gift, it remains subject to the will of the donor.   City of Eureka v. Croghan, 81 Cal., 524.

Our conclusion is, that the judgment should be reversed and here rendered in favor of appellants.

*Reversed and rendered.*

Delivered March 28, 1894.