WEST v. CITY OF HOUSTON et al.

(Court of Civil Appeals of Texas. El Paso. Jan. 22, 1914. Rehearing Denied Feb. 26, 1914.)

1. EASEMENTS (§ 36*)—BURDEN OF PROOF—FREEDOM FROM LEGAL DISABILITY.

The burden of proof rests upon one asserting a prescriptive right of way over another's land to show that the owners of the servient estate were free from disability during the prescriptive period.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 77, 78, 88–93; Dec. Dig. § 36.*]

2. MUNICIPAL CORPORATIONS (§ 648*) — STREETS — PRESCRIPTION — PERMISSIVE OR ADVERSE USE.

Where the public use of premises is permissive, there is no basis for a claim of a right of way by prescription.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1421, 1422; Dec. Dig. § 648.*]

3. ESTOPPEL (§ 56*)—ELEMENTS—ACTION INDUCED BY REPRESENTATIONS.

In trespass to try title, a finding that an intervener would have purchased the property anyway, even if he had not thought it was a corner lot fronting 100 feet on a certain street, as appeared from plaintiff's concealment of the fact that it was not a corner, eliminated the essentials of an estoppel in pais in favor of intervener.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 142; Dec. Dig. § 56.*]

Error from District Court, Harris County; Chas. E. Ashe, Judge.

Trespass to try title by F. B. West against the City of Houston, in which Randon Porter and others intervened. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

L. B. Moody, of Houston, for plaintiff in error. W. F. Tarver, D. E. Garrett, Wilson, Dabney & Meachum, J. E. Niday, and J. C. Hutcheson, Jr., all of Houston, for defendants in error.

HIGGINS, J. Plaintiff in error filed this suit on May 30, 1908, against the city of Houston in trespass to try title to recover a tract of land 80 feet square claimed by the city of Houston as a part of Travis street. The city answered by pleas of prescription, dedication, and estoppel, and other pleas not necessary to be here mentioned. Randon Porter and others owning property adjoining and abutting upon what is claimed by them to be Travis street in said city intervened in the cause, and prayed that judgment be entered in favor of the city. Plaintiff proved a record title to the controverted premises from the sovereignty of the soil.

The evidence offered under the plea of estoppel showed that the property belonging to the intervener Porter was purchased by him from Mrs. Nora Mayer Hadley, a sister-in-law of plaintiff, and that Mrs. Hadley had purchased the same from plaintiff. It adjoins the property described in plaintiff's petition, and in the deed from Mrs. Hadley to Porter is described as fronting 50 feet on Holman street and 100 feet on Travis street; but in the deed from plaintiff to Mrs. Hadley the land is described by metes and bounds, no mention being made of Travis street. Porter bought the land from Mrs. Hadley through the real estate firm of Paulfrey & Bradley by deed dated November 30, 1906. He gave the real estate agents a check for $150, and obtained an earnest money receipt, in which the property is described as being 50 feet on Holman avenue by 100 feet on Travis street; Porter paid a total cash consideration of $4,700. He did not deal direct with Mrs. Hadley, but with said firm and with plaintiff, West, who closed the deal in person for Mrs. Hadley. West received the checks for the purchase money, and delivered to Porter the tax receipts. West examined the earnest receipt and deed prior to

their delivery to Porter. Up to the time the deal was closed nothing was said by West to Porter about his claim to the controverted premises. Porter testified that he would not have bought the property unless he had thought it was a corner, and he later built a sidewalk alongside of said property on what he thought was Travis street, and it was after the completion of this sidewalk that West attempted to fence in the controverted premises claimed by the defendant and interveners to be a part of Travis street.

Plaintiff admitted that the intervener Ball owned the west one-half of the land sued for, and asked judgment only for the east half thereof. The case was tried before a jury, and submitted upon special issues, in response to which the jury found that West acted for Mrs. Hadley in closing the deal with Porter, and knew of the call in the deed for 100 feet frontage on Travis street, and that it was the duty of plaintiff to have notified Porter that the strip of land in controversy was not a portion of Travis street, but was the property of plaintiff, and that he purposely refrained from disclosing this fact to Porter, and that Porter thought the property he was buying had a frontage on Travis street of 100 feet. The jury further found that Porter would have purchased the property anyway, even if he had not thought that it was a corner lot fronting 100 feet on Travis street. It was further found that the public entered upon the strip of land in controversy and used the same as a street for the ordinary purposes of a street for a period of more than 10 years prior to May, 1908.

Error is assigned to the action of the court in overruling plaintiff's motion to enter judgment in his favor, and rendering and entering judgment against him, because of the insufficiency of the evidence; the proposition advanced being that, he having shown a perfect record title, and there being no evidence in the record to sustain any of the defenses except those of estoppel and prescription, and it appearing from the verdict that the defense of estoppel is unfounded, all issues were eliminated except the claim of prescription, and, the burden of proof being upon the defendants to show affirmatively that plaintiff and those under whom he claims were not under legal disability during the prescriptive period to resist the use by the public of the land in controversy for street purposes, and there being no evidence tending to show such fact, judgment should have been rendered in plaintiff's favor. This contention must be sustained.

[1] If the question were presented to us as an original one, we would not be inclined to so hold; but it seems to be settled in this state that the burden of proof rests upon one asserting a right of way over another's land by prescription to establish the negative fact that the owners of the servient estate were free from legal disability during the prescriptive period, against whom a prescriptive right might be acquired by adverse use. City of Austin v. Hall, 93 Tex. 591, 57 S. W. 563; Evans v. Scott, 37 Tex. Civ. App. 373, 83 S. W. 874; Wright v. Fanning, 86 S. W. 786; Dees Bros. v. Harrison, 95 S. W. 1093. In respect to the issue noted, the record is silent, and the judgment of the court, therefore, unsustained by the evidence.

[2] It is further contended that in any event the verdict of the jury upon the issue of prescription is unsupported by the evidence, because it appears that the use by the public of the premises in controversy was permissive only, and not adverse. Where the use is merely permissive, and not adverse, there is no basis on which a claim of a right of way by prescription can rest; but it must appear that the general public, under a claim of right, and not by mere permission of the owner, used some defined way without interruption or substantial change for ten years. Cunningham v. San Saba County, 1 Tex. Civ. App. 480, 20 S. W. 941; Smith v. State (Cr. App.) 40 S. W. 736; Cockrell v. City of Dallas, 111 S. W. 977. We seriously doubt the sufficiency of the evidence in the particular noted to support a prescriptive right. Railway Co. v. Wilson, 83 Tex. 156, 18 S. W. 325; Cunningham v. San Saba County, supra.

But in view of the fact that a reversal is necessitated by the failure of the evidence to show that the parties against whom the right is asserted were sui juris during the prescriptive period, it becomes unnecessary for us to pass upon the sufficiency of the evidence in the other respect, and we refrain from a discussion thereof, since the cause must be retried.

[3] There is no merit in the contention of defendants in error that the judgment should be affirmed upon the ground of an estoppel in Porter's favor. The special finding that Porter would have purchased the property anyway, even if he had not thought it was a corner lot fronting 100 feet on Travis street, eliminates the essential element of an estoppel in pais, that the party claiming the benefit of the estoppel must have been induced to act upon the representations or concealments relied upon as constituting an estoppel. Neither did the contract of January 18, 1902, between Hutcheson and Hargrave constitute a complete and sufficient dedication of the property to the public as a street.

Reversed and remanded.