## HUFFMAN et al. v. ALEXANDER. (No. 224.)

(Court of Civil Appeals of Texas. Waco. Oct. 15, 1925. Rehearing Denied Nov. 12, 1925.)

1. Appeal and error ⬅190(2)—Filing of answer and cross-action in temporary injunction proceeding precludes objection that court could not determine case on merits.

Where defendants, on being cited to appear and show cause why temporary injunction should not be granted, filed a complete answer with a cross-action, they cannot for first time on appeal complain of action of trial court in determining case on merits.

2. Appeal and error ⬅1010(1)—If there are any facts justifying judgment of court, it will be affirmed.

If there are any facts justifying judgment of court, it will be affirmed on appeal.

3. Dedication ⬅44—Municipal corporations ⬅654—Evidence held to show no dedication of alley to public or acquirement of prescriptive right therein.

Where evidence failed to show that alley claimed to be dedicated to public was used by public generally, or that any rights accrued to any one by reason of track being left open, or that any rights would be impaired by its being closed, but that it was wholly a blind alley, defendant could not be enjoined from closing up alley, since before one's property can be taken for road purposes it must be shown that he has either dedicated property to public, or that public has right therein by prescription.

4. Dedication ⬅1—Dedication of private property for public use requires irrevocable intention to set apart land for public and acceptance.

Dedication of private property for public use requires intention by owner to absolutely and irrevocably set apart land for public use and actual or implied acceptance thereof.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Suit by R. Alexander against T. E. Huffman and others to restrain defendants from obstructing property. Mandatory injunction issued, and defendants appeal. Reversed and remanded.

N. J. Smith and Morrow & Stollenwerck, all of Hillsboro, for appellants.

Frazier & Averitte, of Hillsboro, for appellee.

BARCUS, J. In 1896, Morrison and Larry owned separate adjoining tracts of land in Hillsboro, and, in order to maintain an outlet to one of the main streets, purchased jointly a tract of land 13 feet wide on Church street, running east 150 feet, and then a tract beginning at the east end of the 13-foot tract, 12 feet wide, running north 60 feet. Appellee owns a lot 60 feet wide facing on Church street and running back 138 feet along the 13-foot tract to the 12-foot tract. Appellants, by a chain of title from Morrison, own an 80-foot tract fronting on Church street, adjoining appellee's property on the north, running back 150 feet, and own Morrison's one-half interest in the 12-foot tract in the rear of appellee's property and the 13-foot tract on the south of appellee's property.

In 1906, appellants inclosed 38 feet of the 60-foot tract in the rear of appellee's property in their main inclosure, leaving the tract at the rear of appellee's property 12 by 22 feet. In 1924, appellants built a garage on the 12 by 22 foot tract of land in the rear of appellee's property, and by fence inclosed the 13-foot tract on the south of appellee's property and appellee brought this suit to require appellants to remove said garage and fence, and for a perpetual injunction restraining appellants from obstructing said property. Appellee claimed that said property had been dedicated to the public for alleys, and that the public was entitled to the use of said property for alleys by reason of a prescriptive right. When appellee presented her petition for a temporary injunction, the court set same for hearing one week later, and gave appellants notice to appear and show cause why the injunction should not be granted. Appellants at said time appeared and filed a complete answer and cross-action, and, without any objection being raised, the entire cause was heard on its merits before the court, and resulted in a mandatory injunction being issued requiring appellants to open the 13-foot alley on the south, and the 22 by 12 foot alley on the east of appellee's property, and perpetually restraining appellants from closing said alleys. No findings of fact or conclusions of law were filed, but a complete statement of facts accompanies the record.

[1] Appellants, by their first assignment, complain of the action of the trial court in hearing the cause on its merits when they had only been cited to appear and show cause why a temporary writ of injunction should not be granted. No motion was made by appellants in the trial court for a continuance, no request made for a jury hearing, and appellants filed a complete answer with a cross-action, and they cannot for the first time complain in this court of the action of the trial court in proceeding to hear and determine the case on its merits.

[2] The judgment of the trial court recites that the court found that each of the alleys had been dedicated to the public, and that the public had obtained a prescriptive right to the use of each of said two tracts of land. Appellants challenge the finding of the court as recited in its judgment, in so far as it affects the 22-foot alley, on the ground that same is not supported by, but is contrary to, the evidence. No controversy is made with reference to the court's finding with reference to the 13-foot alley. If there are any facts that will justify the judgment by the court, it should be affirmed.

[3] We have carefully examined the testimony with reference to said property in its most favorable light in support of the judgment. Morrison testified that he and Larry purchased the entire tract of land embraced in the two alleys to prevent any one from purchasing and closing it up, and that it was left open for an alley, to be used by any one who might have need thereof. In 1908 Morrison sold his property, including his half-interest in said narrow tracts, to Weaver, who at said time placed a fence across the 12-foot tract so as to include 38 feet in length of same in his main inclosure, leaving outside an opening or alley 22 feet long and 12 feet wide, which opened into the 13-foot alley on the south of appellee's property. The 13-foot alley had been opened by other parties so that it extended entirely through the block, making a complete alley 13 feet wide running east and west from Church to New street.

Under the testimony, the only persons who could or have ever been able to use the small tract or alley, 22 by 12 feet, in the rear of appellee's property, are appellants, who used same in coming into the rear of their property, and appellee, who testified that she did at one time use same for the purpose of coming into her barn and unloading wood and coal and hauling off tin cans. The public, generally, has never been able to use said tract and could not use same, because it is only a blind alley 22 feet long and 12 feet wide. Appellee testified that she has now built her garage and barn on the rear of her property abutting on said alley, so that there is no way to get from her premises into the alley except a 4-foot space between her barn and garage, which she has closed by nailing boards across it, and that she is not now using and has not for a long period of time

used said alley for any purpose; that she comes into her property from the alley on her south side.

Four different persons have owned appellant's property since Morrison purchased in 1896, and in none of the warranty deeds conveying said property under which appellants claim title was it suggested that either tract -of land was at any time intended for a public street or alley, and no effort was made to show that appellants knew of the intention of Morrison and Larry at the time they purchased the property that same was purchased for and to be used as an alley. There was no evidence that the 22-foot alley in controversy was ever accepted by the public or by the city of Hillsboro, and, under the evidence, the only persons that have ever been able to use said alley were appellants, in reaching their property, and appellee, in coming into the rear of her property, and appellee testified that said alley is not necessary in any way for her use in reaching her property; that she had been for a long period of time and was then coming into her property from the south side alley.

Before an individual's property can be taken for road purposes, it must be shown that he has either dedicated the property to the public, or that the public has a right therein by prescription, or by same having been opened by condemnation proceedings. Under the evidence in this case, no prescriptive right was established, since it was not shown that the alley had been used by the public generally, or that it could be used by the public generally, and it was not shown that any rights had accrued to any person by reason of said tract being left open, or that any rights would be impaired by its being closed. Money v. Aiken (Tex. Civ. App.) 256 S. W. 641; Cunningham v. San Saba County, 1 Tex. Civ. App. 480, 20 S. W. 941; West v. City of Houston (Tex. Civ. App.) 163 S. W. 679; Hall v. City of Austin, 20 Tex. Civ. App. 59, 48 S. W. 53.

[4] In order to constitute a dedication of private property for public use, it must clearly appear that the owner intended to absolutely and irrevocably set apart the land for public use, and same must either be accepted, or it must be so related to property surrounding it that its acceptance will be presumed, or that the delay in acceptance will be excused by reason of there being no necessity for its acceptance prior to the time the opening thereof is demanded. San Antonio v. Sullivan, 23 Tex. Civ. App. 619, 57 S. W. 42; Davis v. Young (Tex. Civ. App.) 148 S. W. 1116; French v. Scheuber, 6 Tex. Civ. App. 617, 26 S. W. 133; City of Kaufman v. French (Tex. Civ. App.) 171 S. W. 831; City of Pearsall v. Crawford (Tex. Civ. App.) 213 S. W. 327; 8 R. C. L. pp. 889 and 899; Sycamore Land Co. v. Rogers (Tex. Civ.

App.) 254 S. W. 212; City of Atlanta v. T. & P. Ry. Co., 56 Tex. Civ. App. 226, 120 S. W. 923; Santa Fé Townsite Co. v. Parker (Tex. Civ. App.) 194 S. W. 487; Cockrell v. Dallas (Tex. Civ. App.) 111 S. W. 977; Ladies' Benevolent Society v. Magnolia Cemetery Co. (Tex. Civ. App.) 268 S. W. 198.

We have examined all the authorities cited by counsel, and have carefully studied the statement of facts, and we cannot, under the facts in this particular case, agree with the trial court that the 22 by 12 foot alley at the rear of appellee's property belongs to the public as a public alley, either by dedication or right of prescription. The judgment of the trial court is reversed and the cause remanded.