Stacey vs. Miller.

THOMAS STACEY vs. SAMUEL MILLER.

1. A person may dedicate his land as a public highway without a deed, and a use of twenty years is not, in all cases, essential to establish such dedication; but this is in cases where it is obviously the intentention of the proprietor to make such dedication.

2. The bare fact that a farmer leaves a lane through his farm, and permits the public to use it as a highway for fifteen years, does not authorize the inference of a dedication to the public.

## APPEAL from Marion Circuit Court.

PRATT, for appellant.

I. A man may dedicate land to the public. To do this requires no deed, nor any grantee. Thus, if he permits it to be used as a burying ground, or as a common highway, street or square.

II. The dedication, requiring no deed, may be proved from circumstances. Twenty years possession by the public will establish a highway; but any acts, such as fencing out a highway, and general permission to use it as such, would be sufficient to establish the dedication; or any circumstances that would show the intention of the owner to release his right to the public. 3 Kent's Com. 450 and cases cited; City of Cincinnati vs. White, 6 Peters 431; 19 Pick. 405; 10 Pet. 662; 12 Mo. R. 622.

In the case before the court the road has always been used by the public, and fifteen years before suit, it had been fenced out for the public, and continued to be used as such with the assent of the owner. He had, therefore, dedicated to the public, as a highway; it had become such, and any obstruction thereto could be lawfully removed.

Any person may establish a highway through his land, and when established it is beyond his control.

ANDERSON & RICHMOND.

'I. The damages were evidently not excessive, but under the evidence less than might have reasonably been expected.

II. The instructions given by the court at the instance of the defendant were even more favorable to him than consistent with the law.

III. The fourth instructions asked by defendant was properly overruled for obvious reasons. Mere user of one's land by the neighbors, as a neighborhood road cannot, in a new country, amount to a dedication to the public. To create a dedication of a road, or right by prescription, the implied assent of the owner of the land must have existed for at least twenty years. Such assent could not, in this country, be presumed from the use of wild lands as a way by the public; such a presumption or intendment by the courts would work great injustice, and, indeed, be absurd. In this case, the road had been defined by a fence for fifteen years only Any act, by the owner of the land, within twenty years past, which shows an intention to exclude the passing of the public, or to appropriate to himself a use of the land inconsistent with its use as a road, negatives the dedication. The fencing up of the lane rendered it unfit for use as a road, and showed (within twenty years) that Miller did not intend a dedication.

Stacey vs. Miller.

The inconvenience of the appellant in getting to his lands does not by law give him a right of way over the land of another. Such a right of way the law sometimes gives, where necessity requires it, but ev n then the convenience of the owner of the land to be passed over must be consulted. Green vs. Chelsea, 24 Pick. 71; Commonwealth vs. Newberry, 2 Pick. 16J; Turnbull vs. Rivers, 3 McChord, 131; Bordeau vs. Williamson, 2 Hays, 301; McDonald vs. Lindell, 3 Rawl. 492; 2 Hill (S. C ) 387 et 641; Lawton vs. Rivers, 2 McChord 455.

NAPTON, J., delivered the opinion of the court.

This was an action of trespass for entering the plaintiff's close and pulling down his fences. The defence was, that the *locus in quo* had been used by the public as a road since the first settlement of the country. It seems that the plaintiff had left a lane through his farm, and that this lane had been open to the public for fifteen years, when he concluded to fence it up. The defendant, who was a near neighbor, was by this subjected to the inconvenience of going round the plaintiff's farm to get to his timber, by which his distance from his timber was increased a mile. Upon this state of facts, the court was called upon to say that the road in question had been dedicated to public use. This instruction the court refused, and upon the propriety of such refusal arises the only question in the case.. ·

We do not doubt but that a person may dedicate his land as a public highway without a deed, and that a use of twenty years is not in all cases essential to establish such dedication. But this is in cases where it is obviously the intention of the proprietor to make such dedication. The bare fact, that a farmer leaves a lane through his farm for his own convenience, and permits the public to use it as a highway, does not authorize any inference that it is his intention to dedicate such road to the public. On the contrary, in most instances in our country, no such idea is entertained. The road is left for his own convenience and it is changed from time to time or entirely closed as that convenience may require. It is very different from the case of the owner of ground in a city, who lays out streets and sells out lots in accordance with a plat. To apply principles which have been held to imply such dedications in cities and towns to the customs prevalent in a sparsely settled agricultural district, would lead to manifest injustice. We think the circuit court properly refused the instruction.

Judgment affirmed.