THE STATE v. THE K. C., ST. J. & C. B. R. Co.

| 45 | 139 |
| 97 | 460 |

| 45 | 139 |
| 109 | 483 |

| 45 | 139 |
| 117 | 307 |

| 45 | 139 |
| f132 | 713 |

| 45 | 139 |
| 137 | 202 |

1. **Highway:** PRESCRIPTION. In the strict sense of the term, a highway cannot be established by prescription, since there can be no such thing as a grant to the public, but common usage has applied the term to highways whose existence is based upon long and continuous use.

2. ——: ——: ANIMUS DEDICANDI. A highway which is opened and used with the assent or acquiescence of the owner will be presumed to have been intentionally dedicated by him to the use of the public, but his assent will be presumed only when he is aware of the use of his property by the public, or when the facts will justify the presumption that he is aware of its use.

3. ——: ——: UNINCLOSED LANDS. The use of wild and uninclosed timber or prairie land by the public as a highway will not raise a legal presumption that the owner had notice of the use of the land for such purpose.

*Appeal from Fremont District Court.*

TUESDAY, DECEMBER 12.

THE defendant was indicted and convicted for obstructing a highway, and from the judgment appeals to this court.

*Sapp & Lyman,* for appellant.

*M. E. Cutts,* Attorney General, for the State.

BECK, J.—To establish the existence of the highway alleged in the indictment to have been obstructed, the State introduced and relied upon evidence tending to show that, for more than ten years, the road had been traveled by the public. No evidence was introduced of action, by the proper authority under the statute, to establish the road, nor was any positive act of dedication by the land owners shown. The existence of the road was claimed solely on the ground that it had been used by the public for such a time and in such a manner that it acquired therefrom, under the law, the character of a public highway. As applicable to this aspect of the case the District Court gave the following instructions to the jury:

"The existence of a public highway may be proved in either of the following ways:

"1. By proof of its establishment in the manner prescribed by law, or,

"2. By a dedication by the owner of the fee, and an acceptance by the public, or,

"3. By proof that the public has used·and occupied the ground as a highway, under a claim of right to use it, for such period of time, and in such manner, as that the law will presume therefrom, either that there was an original dedication by the owner, and an acceptance by the public, or that the necessary steps for the establishment of the highway were originally taken by the public officers whose duty it was to take such action."

"The State relies in the present case on proof of the latter character to establish the alleged highway described in the indictment. To show the existence of the highway in this manner, then, the State must prove the following facts:

"1. That the public has used and occupied the ground on which the alleged obstruction took place as a highway for a period of ten years or more before the time of the alleged obstruction.

"2. That such use and occupation by the public was under claim of right to use and occupy it as a highway, and

"3. That such use and occupation by the public was with the knowledge of the owner of the soil.

"But if the occupation and use by the public was open and notorious, the knowledge and consent of the owners may be inferred from the circumstances and need not be established by direct proof. If the State has established these facts, and has shown that the defendant, in the manner and form charged in the indictment, did obstruct the highway, it will be your duty to convict the defendant."

To these instructions defendant, at the time, excepted, on the grounds that they do not direct the jury that, if they find the lands to be open, unoccupied and uncultivated, the State must establish·actual knowledge by the owners of the use thereof for a highway and that such knowledge will not be inferred

from use alone, and they fail to state that such occupation of the lands for a highway was under a claim of right and was continuous and uninterrupted.

Counsel for defendant asked the court to give the jury the following instruction, which presents their views of the law upon this point:

" Before there can be a highway established by prescription, there must have been a continuous and uninterrupted use thereof by the public, with the knowledge of the owner of the land. If, in case you find from the evidence that the land * * * * * * over which it is claimed a highway had been established by prescription, was open, unoccupied and uncultivated prairie, then it must appear from the evidence that the use of the same as a highway was with the knowledge of the owner of the land. Such knowledge will not be presumed. And, unless such knowledge has been established by the evidence, then you cannot find that there was a highway by prescription across said land." This instruction was refused.

Counsel for appellant now insist that the District Court erred in its rulings upon these instructions in holding: *first*, that the knowledge and assent of the owners of the land to its use as a highway may be inferred from the open and notorious character of such use; and, *second*, that the use need not not have been continuous and uninterrupted. The points made by appellant are fairly presented in the instructions given and refused. Those given clearly hold that the consent and knowledge of the land owners may be inferred from the character of the use of the land by the public for a highway, and the one refused presents the doctrine that public use of a highway, in order to create a right to the continuation of such use, must have been continuous and uninterrupted for the time prescribed by law.

II. We will proceed to consider the first question raised upon these instructions and discussed by counsel.

Counsel and the court below agree in the position that highways may be established in three ways, viz: 1. By proper proceedings under the statute; 2. by dedication of the owner

of the land; 3. by prescription, that is, by long use and occupation by the public of the land as a highway.

But a public highway cannot be supported upon prescription, using the word in its technical sense. A prescription 1. HIGHWAY: can only be for things which may be created by prescription. grant; it is allowed only to supply the loss of a grant. 2 Greenleaf's Cruise's Dig., p. 224 (Title XXXI, Chap. 1, § 11). There can be no grant to the public, therefore the public can hold no right by prescription. Prescription is a personal usage securing a right to one or more persons. Highways, or public ways, therefore, can never derive existence from prescription; a private way may. Angell on Highways, § 131; Bl. Com., book 2, p. 263–4; 2 Washburn's Real Prop., p. 450, § 4.

Long and uninterrupted occupation of land by the public as a highway is evidence of its dedication to public use. Upon evidence of this character may a highway be supported. Proof of like use of a private way, or other thing which may pass by grant, would establish a prescription and a right thereunder. It may be readily seen that, for these reasons, the term prescription, and probably the rules and doctrines applicable to estates held by prescription, have been applied to the tenure of the right of the public in a highway which rests wholly upon long use and occupation. That the term is now generally so used must be admitted, and it may be true that such general use has made it proper. We shall use it in the discussion of this case as applicable to a highway, the existence of which is based upon long and continuous use.

The distinction between dedication and prescription is this: The first is established by proof of an act of dedication and of the *animus dedicandi*, without reference to the period of use; in the second, long user is an essential ingredient.

III. We will now proceed to inquire whether long use alone will, in all cases, be sufficient to establish prescription.

A prescription for a highway is based upon the dedication of the land, as a prescription for a private way is founded upon 2. ——: ——: a grant. 2 Greenleaf's Ev., § 539; 1 Greenleaf's animus dedi- candi. Ev., § 17; Angell on Highways, § 131; Wash-

burn's Easements and Servitudes, pp. 101 (66), 173 (127). In the first case, as we have seen, as well as in the last, long use of the land is evidence of a prior act of the owner whereby the land was made subject to the easement. The fact that the owner for a long time permitted the public, under a claim of right, to use the land, authorizes the inference that such use was commenced and continued with his assent. If the highway was opened and used with the assent or acquiescence of the owner, it will be presumed that he intended to dedicate the land to public use. The *animus dedicandi* is established by this evidence. But this assent, acquiescence and *animus dedicandi* cannot be presumed if the land owner was ignorant of the use of his property by the public. His knowledge thereof must be proved or there must be sufficient ground for the law to raise a presumption that he had information of the use to which his land was devoted.

Long continued notoriety of a fact is usually sufficient, when proved, to raise a presumption of law that persons affected thereby, or interested therein, had full notice of the matter. 1 Greenleaf's Ev., § 138. In the case of the use of one's land by the public for a highway, the fact of such use is a matter of interest to him, and affects the value and the enjoyment of his property.

But, in the case of wild and uninclosed land, the presumption would not so readily arise, and adding a further circum-
3. ——: ——: stance of the non-residence of the owner, or the
uninclosed
land. location of the lands at a distance from his place of residence, the law will not presume that the notorious use as a highway is known to the land owner. In uninclosed timber and prairie the corners and lines are often not marked. Owners are often ignorant of the boundaries of their land. In many instances they cannot, without the aid of a surveyor, determine whether a road is or is not upon their lands. To hold, therefore, that the notorious use of a highway raises a presumption of notice of its existence to the owner of the wild and uninclosed land upon which it is located would be contrary to experience and facts in many, if not most, instances. The use of every highway must be notorious; it is a public

use, and necessarily open and notorious. Such use of a road as would make it public would be notorious. If this notoriety raises a presumption of notice on the part of the land owner, there could be no occupation of land by the public as a highway where such notice would not be inferred. It is our opinion that use of the land alone, if it be wild and uninclosed timber or prairie, will not raise a legal presumption of notice to the owner of the occupation of his land. We conclude, therefore, that user alone, of uninclosed and wild prairie and timber land, will not support a prescription for a highway. The doctrines upon which this conclusion is based, we think, are sustained by the following authorities: *Warner v. The President of the Town of Jacksonville,* 15 Ill., 237; *Watt v. Trapp,* 2 Rich., 136; *Harding v. Jasper,* 14 Cal., 642; *Hutlo v. Tindall,* 6 Rich., 396; *Hogg v. Gill,* 1 McM., 329; *Scott v. State,* 1 Sund., 629; *Hewins v. Smith,* 11 Met., 241; *Gibson v. Durham,* 3 Rich., 136; *Commonwealth v. Kelly,* 8 Gratt., 632; *Bethum v. Turner,* 1 Greenleaf, 111; *Stacy v. Miller,* 14 Mo., 478.

This court has made no decision in conflict with the conclusion we have just announced. Language may be found in *Onstott v. Murray,* 22 Iowa, 457, which will bear an interpretation not in accord therewith. And it is quite true that other language found in the same opinion agrees with our present views. The point presented for decision in that case involved the question whether use of uninclosed lands as a highway, with the *knowledge* and acquiescence of the owner, would support a prescription in the public, or raise a presumption of dedication. The question now before us, viz., whether notorious use of the land is a ground to infer knowledge by the land owner of the occupation of the public was not in that case. The acquiescence and, of course, knowledge of the owner were conceded to exist in that case.

The very point which we have above discussed, that, to support a dedication, the knowledge of the owner will not be inferred from user alone, was in *Daniels v. The C. & N. W. R. Co.,* 35 Iowa, 129. Our present decision is in accord with the opinion in that case.

In discussion of questions pertaining to the dedication of, or prescriptions for, highways, language has been used by this court to the effect that use of the land is evidence of dedication without any reference to the point now before us. Such language cannot be fairly construed to mean that use of land will, in all cases, raise a presumption of knowledge of such use. See *Manderschid v. City of Dubuque*, 29 Iowa, 73.

We conclude that the instructions given to the jury, which we have above considered, failed to present correct rules of law applicable to the case. As for this error the judgment must be reversed, other questions discussed by counsel need not be considered.

REVERSED.