HANNAH SMITH, *et al.,* v. ED. R. SMITH.

1. ROAD—*Prescription—Public Land.* A public road cannot be established by prescription or limitation while the land over which the road runs belongs to the United States.

2. ——— Nor can any portion of the time while the land belongs to the United States be counted in establishing a public road by prescription or limitation.

3. ——— And this is true, although the land at the time may be occupied by a person intending to obtain the land under the preëmption or homestead laws of the United States, but who has not yet done all that he is required to do in order to obtain the title to the land under such laws.

4. PUBLIC LAND—*No Dedication for Road, Until When.* Nor can a person who is thus occupying a piece of government land, intending to obtain the same under the preëmption or homestead laws, dedicate it, or any portion thereof, for a public road until he has done all that he is required to do in order to obtain the title to the land under such laws.

5. ROAD—*Open Prairie—Prescription.* A public road cannot be established by prescription or limitation while the land over which the road runs is unimproved and unoccupied prairie land, over which all people may travel at their pleasure.

*Error from Linn District Court.*

ON May 31, 1881, *Ed. R. Smith* filed the following petition in the district court of Linn county, omitting court and title:

"Plaintiff, for a cause of action against defendant, says that he resides upon, is in possession, cultivates and is the owner of the following lands and tenements in Linn county, Kansas, to wit: The west half of the northeast quarter of section 14 and the west half of the southeast quarter of section 11, all in township 22, range 23; that he occupies and cultivates said land as a farm, and it is the homestead of himself and family; that he has so occupied and owned said land for a number of years last past; that running through said land east and west is a public highway, which public highway commences two or three miles west of said land and runs in an easterly direction through other lands west of said land and enters said land about thirty rods south of the northwest corner of the northwest quarter of said northeast quarter of section 14, and thence runs east nearly parallel with the

north line of said section, through said west half of the northeast quarter of section 14, and then in the same direction east through the east half of said northeast quarter of section 14, and through, in the same direction, the northwest quarter of section 13 in said township and range, and thence in an easterly direction to Mound City, in Linn county, Kansas.

"Plaintiff further says that said highway has been used by the public and by defendant in passing and repassing thereon, as a public highway continuously from 1859 until it was obstructed in March, 1881, by said defendant as hereinafter more fully set forth; that in 1859 a road was viewed by the supervisors of Mound City township in said county, across said lands near to and over the same road, which survey was duly recorded in the township records of said township, and that ever since said survey said road has been used by the people of Linn county, Kansas, as a public highway, with the consent and assent of defendant; that defendant has resided upon a farm of which the said east half of the northeast quarter, section 14, is a part, the other part being the east half of the southeast quarter, section 11, township 22, range 23, ever since said survey was made, and has recognized and used said road as a public highway ever since; that he has built a fence on both sides of said road where the same crosses the said east half of the northeast quarter of said section 14, and has, as overseer of the public highways in the road district in which said road is located, repaired said road, built culverts and bridges thereon, and kept the same in repair as a public highway.

"Plaintiff further says that he has used said road as a public highway in passing to and from Mound City, the county seat of said county, the trading-point, milling-place and post office of plaintiff, from his said farm continuously for the last 24 years; that during that time he has used no other road than the said road across the defendant's said land in going to and returning from Mound City from his said farm; that across his own land he has built fences on each side of said road, and has built his dwelling house, stables, out-houses, pens and fields with reference to said road, and adjacent and handy to the same; that in going to the railroad station he has passed over said road continuously, and he has no other eastern outlet from his house and farm than over said road.

"Plaintiff further says that said defendant has built his houses, out-houses, planted his orchard, constructed his fields on his farm — being the said E. $\frac{1}{2}$ of S.E. $\frac{1}{4}$, section 11, and the

E. ½ of N.E. ¼ of said section 14, town 22, range 23 — adjacent to and convenient to said road.

"Plaintiff further says that on or about the 20th day of March, 1881, said defendant did willfully obstruct said road by placing posts firmly in the ground on said road, and attaching three strands of barbed wire firmly to said posts across said road, and by placing brush and timbers in said road; that said obstructions are and were placed on and across said road by defendant on the said day, and at the point on said road where it enters upon the said east half of the northeast quarter of said section 14, and like obstructions where said road crosses the east line of said land; that defendant has been frequently requested by plaintiff, and others who use said road, to remove said obstructions, but that he refuses to remove the same, or any part thereof, and still maintains the same, and has kept the same in and across said road since the 20th day of March, 1881; and that by reason thereof plaintiff has been wholly deprived of the use of said road since said date, to his damage in the sum of five hundred dollars; that he has been compelled to go three miles around because of said obstructions in going to and returning from Mound City, and in going to and returning from the railroad station, and that his family, and each member thereof, has been compelled to go a like distance in making the same travel; and that said obstructions greatly inconvenience and damage plaintiff in the use and enjoyment of his said farm and homestead to his damage as aforesaid.

"Wherefore, plaintiff demands judgment against defendant for the sum of five hundred dollars; that said highway be adjudged a legal highway, and that the same may be opened to the public for public travel, for other relief, and costs."

On June 27, 1881, *S. W. Smith*, the defendant, filed his demurrer to the petition, alleging that sufficient facts were not stated therein to constitute a cause of action, and also alleging that the plaintiff had no legal capacity to sue. On July 20, 1881, the demurrer was argued and overruled. On September 7, 1881, the defendant filed his answer, admitting therein himself to be the owner and in the possession of the east half of the southeast quarter of section 11 and the east half of the northeast quarter of section 14, in township 22, of range 23, in said Linn county, but denying all other allegations in the petition. The action was continued from time to time, to the

November Term of court for 1882, when the same came on for trial before the court, with a jury. The court instructed the jury as follows:

"The plaintiff claims in this action that in 1881 there was a public road running through the land described in his petition, which land is owned by the plaintiff and defendant, and that at the point where such road enters and leaves the land of defendant, said defendant put a barbed-wire fence across it and obstructed the travel thereon, to the damage of this plaintiff five hundred dollars. Your first inquiry will be naturally, Was the route of travel over and through these lands of the plaintiff and defendant as described in the petition a public road? To answer this inquiry, I give you the following rules for your information and instruction:

"1. A public road may be established by condemnation proceedings under the statute of the state, with which proceedings to lay out a road most of you are familiar; but under the rule in this case, I instruct you that the evidence introduced on that subject regarding the view and survey of a road will not warrant you in finding that this route became a public road.

"2. A public road may be established by 'use;' that is to say, where the public use and enjoyment of a particular way has continued for a period of fifteen years, and such use has been with the knowledge, assent or acquiescence of the owner or owners of the land, such way may become a public road. Persons in the possession and occupancy of land, claiming homestead or preëmption rights therein under the general government, and afterward obtaining the title thereto from the government, can be said to be owners of land, so as to assent and acquiesce in the use of a portion thereof as a public highway. If, therefore, you should believe from the evidence that this way, if there is any, over the lands of plaintiff and defendant, had been used continuously for public travel and public use, with the knowledge, assent or acquiescence of the owners of said land for fifteen years previous to the time it is alleged defendant obstructed the same, then you will be authorized to find that it is a public road; and in considering these matters, you may take into account, so far as the evidence satisfactorily shows you, if at all, the location of the improvements upon the lands of plaintiff and defendant with reference to this way; the manner of the use of this way by the public, and by public road overseers; the work done upon the

way, and the manner of use of the same by the adjoining land-owners. There is no dispute but that the defendant placed the obstructions at the places mentioned in the evidence; so that if you should find under the above instructions that this way was a public road, then you will ascertain what damage, if any, plaintiff has suffered by reason of such obstructions. I do not understand, under the evidence in the case, that plaintiff claims anything but nominal damages. By this is meant damages for a nominal amount, such as for one cent, or one dollar. To entitle plaintiff to nominal damages you should be satisfied from the evidence that the defendant obstructing such road caused the plaintiff additional travel or inconvenience or loss of time going from his residence to Mound City, or other places where his business or pleasure called him. If you should so find, plaintiff would be entitled to nominal damages. Should you not find under these instructions that this way across the lands of plaintiff and defendant was a public road, then the plaintiff would not be entitled to recover, and your verdict should be for the defendant. The plaintiff must prove his case by a preponderance of the evidence. You are the exclusive judges of the facts of the case, the credibility of the witnesses, and what the evidence proves. If you find for the plaintiff, the form of your verdict will be: We, the jury, find for the plaintiff, and assess his damages at (here insert whatever amount you find.) If you find for the defendant, the form of your verdict will be: We, the jury, find for the defendant. You will select from your number a foreman, who will sign your verdict."

The jury returned a verdict for the plaintiff and assessed his damages at one dollar, and also made the following special findings of fact:

"1. Was the road claimed by the plaintiff dedicated? If so, by whom and when? *Ans:* Ezra Smith, in the year 1859.

"2. Has the road claimed by the plaintiff been established by prescription? If so, when did use begin which has ripened into a prescriptive right in the public to use the road? A. It has; in the year 1859.

"3. When, if ever, did Ezra Smith become the owner of the N.E. ¼ of section 14, township 22, of range 23, in Linn county, Kansas? A. At the time of his filing on the same, in the year 1858.

"4. When did Mehitable Smith become owner of the east

half of the N.E. ¼ of section 14, township 20, range 23, Linn county, Kansas?   A. In the year 1862.

"5. If said road was dedicated by anyone, by whom was said road accepted, and how was such acceptance expressed or indicated?   A. By the road overseers and public generally.

"6. Where did said road begin and where did it end, and over what lands does it run, and where does it run over each piece of land?   A. Beginning at the southwest corner of Mound City, Kansas, running as stated by plaintiff's petition over said lands as described by plaintiff's petition, to Danford's mill, of Mound City."

The defendant filed a motion for a new trial, which was overruled on December 15, 1882.   Judgment was rendered upon the verdict.   The defendant excepted, and brings the case here.   Since the filing of the petition in error in this court, S. W. Smith has deceased, and the case has been revived in the names of Hannah Smith, and Chester Smith by his next friend Hannah Smith.

*James D. Snoddy*, for plaintiffs in error.

*W. R. Biddle*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by Ed. R. Smith against S. W. Smith, to recover damages for obstructing a public road.   It was admitted that the obstructions were placed as alleged in the petition.   Nominal damages only were claimed upon the trial, the real contest between the parties being whether there was a legal highway at the points obstructed. Judgment was rendered for plaintiff.   The defendant's motion for a new trial being overruled, he brings the case here.

The demurrer to the petition was properly overruled.   The injury alleged is special and peculiar to the plaintiff, if a public highway in fact exists, as claimed by him, and therefore he has his right of action.  (*Bobbett v. The State, ex rel.*, 10 Kas. 9 ; *Nixon v. School District*, 32 id. '510.)

If the defendant desired the *situs* or place of the alleged way set forth in the petition fixed with greater certainty, the

court, upon his motion, might have required the pleading to be made definite in that regard by amendment. (Code, § 119.)

The court instructed the jury that "the alleged highway or route of travel described in the petition had not been established or laid out under the statute;" but upon the theory that there was evidence before the jury tending to show the road had been established by use or prescription, instructed them that—

"If they believe from the evidence that the alleged road or way over the lands of plaintiff and defendant had been used continuously for public travel and public use, with the knowledge, assent or acquiescence of the owners of the land, for fifteen years previous to the time of the alleged obstructions, they were authorized to find the same to be a public road."

The court further instructed the jury that—

"Persons in the possession or occupancy of land, claiming homestead or preëmption rights therein under the general government, and afterward obtaining the title thereto from the government, are owners of the land so as to assent or acquiesce in the use of a portion thereof as a public highway."

The court refused to give the following instructions requested by the defendant:

"1. In order to constitute a highway by prescription or use, the use and enjoyment of it by the public for a highway must have been continuous for the period of fifteen years under a claim of right, and must generally be so continued and uninterrupted with the knowledge, assent or acquiescence of the owner of the land.

"2. Use alone of uninclosed and wild prairie land will not support a prescription for a highway, and therefore no use alone by the public of a way over uninclosed prairie land, however long continued, will establish a highway.

"3. To constitute a dedication of a highway to the public, the intention on the part of the owner of the land to dedicate it, and an act of dedication and acceptance by the public, must be shown."

The testimony tended to show, among other things, that Ezra Smith, the father of the parties, settled on the N. E. ¼ of section 14, township 22, range 23, in Linn county, in 1857, and in that year made a filing thereon; that the alleged

road, or one near it, was traveled before 1857, and in 1859 a road was surveyed over uninclosed prairie land, Smith agreeing to its location across the land filed upon by him; that he used the road as a public highway to the time of his death, in 1862; that during the lifetime of his father, Ed. R. Smith claimed the N.E.¼ of section 14, township 22, range 23; that Ezra Smith did not perfect his title to the land filed upon by him before his death; that neither his wife nor his children obtained any right or title to the premises on account of his settlement or filing; that after his death, the N.E.¼ of section 14 and the S.E.¼ of section 11, township 22, range 23, embracing 320 acres, were divided between Ed. R. Smith and his mother, Mehitable Smith, by a line running north and south; that the mother homesteaded the east 160 acres, and Ed. R. Smith the west 160 acres; that the mother took possession of the premises homesteaded by her in 1863, and on September 1, 1869, received a patent from the United States upon her certificate for the east half of the S.E.¼ of section 11 and the east half of the N.E.¼ of section 14, in said township 22, embracing 160 acres; that on March 11, 1871, she deeded premises to defendant, S. W. Smith; that she died in 1873; that Ed. R. Smith is still the owner of the west half of the N.E.¼ of section 14 and the west half of the S.E.¼ section 11, in said township 22; that the defendant owns and resides upon the land deeded to him by his mother, and in March, 1881, made the obstructions complained of.

The jury especially found as a fact that Ezra Smith became the owner of the N.E.¼ of section 14, township 22, range 23, in 1858; they also found as a fact that the road was established by dedication by him in the year 1859; and they further found that the use of the route or road, which ripened into a prescriptive right, began in the year 1859. When these findings of the jury are considered in connection with the instructions of the court given and refused, it is apparent that the jury must have been misled. These findings are not supported by the evidence, and the verdict of the jury

ought to have been set aside.  The road could not have been. dedicated in 1859 by Ezra Smith, because he was not then the owner of the premises over which the road is alleged to have been located; nor could any prescriptive right have commenced in the year 1859, because at that time the land belonged to the United States.  We do not think that a person who is occupying government land intending to obtain the same under the preëmption or homestead laws, can dedicate it or any portion thereof for a public road until he has done all that he is required to do to obtain the title to the land under such laws; nor do we think that a public road can be established by prescription or limitation while the land over which the road runs belongs to the United States; nor can any portion of the time while the land belongs to the United States be counted in establishing a public road by prescription or limitation.  And this is true, although the land at the time may be occupied by a person intending to obtain the land under the preëmption or homestead laws of the United States, but who has not yet done all that he is required to do in order to obtain the title to the land.  Again, a public road cannot be established by prescription or limitation while the land over which the road runs is unimproved and unoccupied prairie land, over which people may travel at their pleasure.  (*The State v. O'Laughlin*, 19 Kas. 504; *Railway Co. v. Long*, 27 id. 684; *The State v. Railway Co.*, 45 Iowa, 139–143; *Graham v. Hartnett*, 10 Neb. 517; *Bowman v. Wickliffe*, 15 B. Mon. 84; *Commonwealth v. Kelly*, 8 Gratt. 632; *Watt v. Trapp*, 2 Rich. [S. C.] 136; *Gibson v. Durham*, 3 id. 85; *Bethum v. Turner*, 1 Greenl. 111; *Hewins v. Smith*, 52 Mass. 241; *Harding v. Jasper*, 14 Cal. 643; *Stacey v. Miller*, 14 Mo. 478; *The State v. Green*, 41 Iowa, 693; *The State v. Joyce*, 39 Wis. 90; *Warren v. Jacksonville*, 15 Ill. 236.)

The judgment of the district court will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.

*Public road—when on government land, when not; prescription.*