# ADVERSE POSSESSION—LICENSE — RAILROADS — DEEDS — EVIDENCE.

[Hamilton (1st) Circuit Court, 1904.]

Giffen, Jelke and Swing, JJ.

## HARRIET L. SMITH v. PITTSBURGH, C. C. & ST. L. RY. CO. ET AL.

1. EXECUTED PAROL LICENSE IRREVOCABLE. .

   An executed parol license in land is irrevocable when granted for a valuable consideration; and where a definite understanding exists between competent parties, an executed license is not affected by reason of not being in writing, but if such understanding be lacking claimant must establish his right by an adverse possession for twenty-one years.

2. ACCEPTING AND RECORDING DEED AND ENTRY NOT CONDUCT OF A MERE LICENSEE.

   Acts of an abutter in accepting and recording a deed for and in taking possession of disputed land cannot be construed as the conduct of a mere licensee.

3. ADVERSE POSSESSION OF RAILROAD LAND MUST BE INCONSISTENT WITH COMPANY'S RIGHT, AND NOT PERMISSIVE.

   To acquire title to a railroad right of way by adverse possession, an abutting owner, whether he owns the fee or not, must occupy and use the land in a manner inconsistent with the paramount rights of the company. Possession and user of part not used, needed or required for immediate railroad purposes and in a manner not necessarily adverse or inconsistent with the company's title or easement, but which is defined by the company's then actual needs, and is consistent with the company's right to reclaim the property when needed or required for the purpose for which it was acquired, will be held to be permissive only.

4. NECESSITIES OF RAILROAD AND WHETHER USE OF ITS LAND IS ADVERSE, QUESTIONS OF FACT.

   Whether the necessities of a railroad company demand exclusive occupancy of land acquired for its right of way, and what use of the property by an abutting owner is a detriment to or interference with the company's rights, are questions of fact and not of law.

5. COMMON USER AND MIXED POSSESSION EVIDENCE AGAINST ADVERSE POSSESSION.

   Evidence of common user or mixed possession of a railroad right of way between an adverse claimant and the company is competent evidence to rebut a claim of adverse possession and to strengthen the company's title.

6. DEED FOR FEE AND ENTRY THEREUNDER EVIDENCE OF ADVERSE CLAIM AGAINST ANOTHER FEEHOLDER.

   While the acceptance and entry by a grantee under a deed from a third person conveying the fee to land in which a railroad company has acquired an easement for a right of way is not necessarily inconsistent with the company's easement, and though color of title is wholly immaterial to obtain title by prescription where the possession has been continuous, exclusive and adverse for twenty-one years, yet where the company owned the fee at the time, the acceptance and recording of such deed and the entry thereunder by the grantee is evidence tending to explain the character of his act in taking posssssion, and is notice to the company that his claim and occupancy is hostile and adverse; and if possession thereunder is continuous, hostile and adverse for twenty-one years a title by prescription in favor of such grantee is acquired.

APPEAL from court of common pleas of Hamilton county.

**JELKE, J.**

A parol license granted for a valuable consideration when executed is irrevocable. Tytus-Gardner Paper Co. v. Hydraulic Co. 8 Circ. Dec. 248 (15 R. 118); Wilson v. Chalfant, 15 Ohio 248.

The only difficulty about the application of this doctrine to the case at bar is fundamental—it is in the absence of sufficient proof of the original contract of license. It would make no difference, having been executed, that such contract was not in writing, if the evidence showed a definite understanding between competent parties.

The testimony of S. M. Ferris shows that he had no definite notion of what kind of an interest, if any, he was acquiring in part of the railroad's right of way. There is nothing to show authority on the part of Mr. Williams to grant away an interest in the right of way of the railroad company. The respective rights of Mrs. Smith and the railroad company must rest upon and be determined by what was actually done, rather than upon a contract relation.

This puts the case squarely upon the issue of adverse possession.

The deed made by John J. Ferris and wife to The Little Miami Railroad Company in 1839 begins with the following recital:

"Whereas, it has become necessary and convenient that 'The Little Miami Railroad Company' should hold the following described real estate for the purposes prescribed in the act entitled an act 'To incorporate The Little Miami Railroad Company,'" and then proceeds with the words and terms which ordinarily would be held to convey a fee in the land.

We incline to the opinion that by this deed The Little Miami Railroad Company acquired a fee simple in its right of way, and, for the purposes of this case, so hold.

Be the nature of the company's title what it may, it is clear, both from the deed and from user, that the property was acquired for railroad purposes.

Disregarding, for the moment, the recitals of the deed from S. M. Ferris and wife to Harriet L. Smith, made in 1870, which recitals include a four-foot strip of the fifteen herein in controversy, and add an additional feature to such four-foot strip, we think that the facts of this case bring it within the principle of the case of Union Pac. Ry. Co. v. Kindred, 23 Pac. Rep. 112, 113 [43 Kan. 134], where it is said:

"Although the abutting landowners have cultivated and enclosed part of the right of way granted by congress, this possession cannot be considered as hostile or adverse. It must be regarded as permissive only. If the fee of the land belongs to the United States, then the abutting landowners can acquire no title or claim by possession or limitation. Smith v. Smith, 34 Kan. 293 [8 Pac. Rep. 385]. If the abutting land-

owners own the fee of the right of way, they may use the land in any way not inconsistent with the paramount rights of the railway company; but such use will not give them adverse possession, so as to confer title. Kirk v. Smith, 22 U. S. (9 Wheat.) 241; McClelland v. Miller, 28 Ohio St. 488; Railway Co. v. Harris, 28 Kan. 206; Railway Co. In re, 20 Am. & Eng. Ry. Cas. 196; Sapp v. Railway Co. 51 Md. 115."

This is the application to the right of way of a railroad of the established doctrine in Ohio as to public highways.

"L being the owner of lands adjoining a public highway, regularly laid out and used by the public, extended his fence so as to enclose a portion of the ground within the surveyed lines of the highway, which portion was not then used nor required for the public travel, and kept up said fence without any objection, for upward of twenty-one years. *Held*, that such partial encroachment upon the side of a surveyed and traveled highway, was not *necessarily adverse* to the public, nor *inconsistent* with its easement, and therefore constituted no bar to its reclamation by the supervisor, when required for the public travel." Lane v. Kennedy, 13 Ohio St. 42.

"An encroachment upon a highway regularly laid out and established, by putting out a fence or planting a hedge within the legal limits of the road, does not constitute such adverse possession as will confer title." McClelland v. Miller, 28 Ohio St. 488, 489.

The reason for these decisions is that the past user of the property now in dispute has been devoid of the necessary element of hostile adversity, because the railway or the highway did not, up until then, need the property for the purposes for which it had been acquired.

The deposition of Mr. S. M. Ferris shows that he was permitted to do what he did because the railroad did not then need the land for its purposes. He says, on page six of his deposition, under examination by Mr. Matthews:

"Q. Mr. Ferris, you said that you did not suppose that you would ever have to take that wall down. What led you to suppose that? A. I didn't suppose that the railroad would ever need it."

This shows that the term of his user was defined by the time of the railroad's need.

It was said in the case of Kansas Cent. Ry. Co. v. Allen, 22 Kan. 285, 295 [31 Am. Rep. 190]:

"The trial court followed the authority of Jackson v. Railway Co. 25 Vt. 150; but that is an exceptional case. It goes too far. It transfers an easement into an absolute title. It announces as a matter of law, that a railroad company has the right at all times to the exclusive occupancy of the land condemned for its purposes, and excludes all concurrent oc-

cupancy by the landowner in any mode or for any purposes. We are unwilling to approve that doctrine. It is our opinion that it is a question of fact, not of law, whether the necessities of the railroad demand exclusive occupancy for its purposes, and what use of the property by the owner is a detriment to, or interference with, the rights of the road. Again, this authority is in conflict with the majority of cases, and, if adopted as the law of this state, now so sparsely settled, and where in many of the frontier counties but a single track is necessary, and public highways and public crossings are at great distances from each other, would work severe hardship and injustice. Blake v. Rich, 34 N. H. 282; Washburn, Easements 159, 214; Lance's Appeal, 55 Pa. St. 16; Evans v. Haefner, 29 Mo. 141; Railway Co. v. Burkett, 42 Ala. 83; 1 Redfield, Railways 247; Railway Co. v. Kip, 46 N. Y. 546; Cemetery v. Railway Co. 68 N. Y. 591."

All of this is on the ground that the railroad only had an easement and that any use of the land by the owner of the fee not interfering with the easement when needed, was not adverse. So, whether the railroad has a fee or an easement, any permitted use by an abutting landowner of part of the right of way up and until needed for railway purposes exclusively, cannot be said to be adverse in any hostile sense.

There is testimony of common user or mixed possession, and if this is so it would strengthen the railroad's case, for, as said above, it is a question of fact, not of law, whether the necessities of the railroad demand exclusive occupancy for its purposes and what use of the property by the owner is a detriment to or interference with the rights of the road.

As to the inner strip of four feet there is an additional fact which, while not ordinarily controlling, yet is of sufficient importance, when taken with the acts of the abutting claimants, to make a different case. This strip was covered by the deed to plaintiff in 1870. It is said that this deed gives color and meaning to the acts of plaintiff taking possession under it, and that it is notice to the railroad company that from that time on the plaintiff claimed to be the owner of the property in fee, free from any incumbrance or easement, and that her acts, user and possession were as such owner as against the world.

As against this contention it might be said that if the railroad owned only an easement, a deed of the fee and its acceptance and entry thereunder by plaintiff is not necessarily inconsistent with such easement. But it is more strongly contended that the deed adds nothing to the strength of plaintiff's case, because color of title is wholly immaterial in Ohio where there has been continuous, exclusive and adverse possession for the requisite time, and such possession is protected whether the

entry·was with or without color of title: Paine v. Skinner, 8 Ohio 159; McNeely v. Langan, 22 Ohio St. 32, 37; Humphries v. Huffman, 33 Ohio St. 395, 402; Yetzer v. Thoman, 17 Ohio St. 130 [91 Am. Dec. 122].

The foregoing is undoubtedly the law, but there is a well-marked distinction between possession with and one without color of title as to the extent and character of the occupancy, the latter being limited to the part actually occupied, and, whereas occupancy of part under color is constructive of all the color extends to. Humphries v. Huffman, 33 Ohio St. 395, 403.

So, conversely, the same acts may have a different or weightier significance, dependent upon the nature or color of title asserted by contesting claimants.

The acts of an abutter who takes and records a deed for the disputed land cannot reasonably be construed as the conduct of a mere licensee. While the taking of a deed of the fee may have no adverse significance as against the railroad owning only an easement, it certainly has as against the railroad company owning the fee, to the extent of giving character to the acts of plaintiff. This case, then, must turn upon findings of fact, whether the user by S. M. Ferris and his grantee, plaintiff herein, has been so in conflict with the ownership of the railroad company as to constitute adversity.

It seems to us that, as to the outer eleven-foot strip, this issue, in any hostile or exclusive sense, has never been raised until the beginning of this pending controversy.

As to the inner four-foot strip, we think that the defendant knew that the claim, occupancy and acts of plaintiff were hostile and adverse from the record of the deed in 1870, and we so find that plaintiff's occupancy of this strip was, since then, hostile and adverse.

As to the eleven-foot strip, we do not find such adversity present long enough to bar the railroad from asserting its right to use said strip of land for the uses for which it was acquired, to wit, railroad purposes, and as to it we cannot, therefore, grant the relief prayed for.

As to the four-foot strip, we find that plaintiff has maintained a continuous, open, notorious, hostile, exclusive and adverse possession for more than twenty-one years prior to the beginning of this action, and that the defendant company is barred from asserting any claim thereto. As to this latter strip the prayer of the petition for an injunction will be granted.

Decree accordingly.

**Giffen** and **Swing, JJ.,** concur.