[No. 9247.  Department One.  April 11, 1911.]

PROVIDENT TRUST COMPANY, *Respondent*, v. THE CITY OF SPOKANE, *Appellant*.[1]

DEDICATION — STREETS — BOUNDARIES — INTENT — PRESUMPTION. Where a plat plainly marked the boundaries of two parallel streets of specified widths, and showed an intervening space of twenty feet between the streets, marked "R. R.," which was occupied at the time by a street railway, a dedication of the public streets as marked does not include the intervening space, since an intention to dedicate will not be presumed and does not appear; and a clause reserving from streets dedicated, the 20 foot strip marked "R. R." will not defeat the expressed intent not to dedicate such strip.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered September 16, 1910, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action for an injunction. Affirmed.

*Fred B. Morrill* and *R. L. McWilliams*, for appellant.

*Danson & Williams*, for respondent.

[1]Reported in 114 Pac. 1030.

Gose, J.—The plaintiff brought this action for the purpose of enjoining the defendant, a municipal corporation, from taking possession of and improving a designated strip of land as a street. The plaintiff alleges that it is the owner of the strip of land, and the defendant asserts that it is a part of one of the streets of the city. The court found, in substance, that, in the year 1887, Francis H. Cook and wife, being the owners of a tract of land, filed a plat of a part thereof embracing the land in controversy, as Cook's first addition to Spokane Falls, now Spokane; that the deed of dedication contained the clause, "and we do give, grant, donate and dedicate as public highways, the streets as marked and described on the foregoing plat. We reserve, however, the strip of land twenty feet in width marked 'R. R.' for railway purposes, also the exclusive rights in all of said streets to lay down pipes and carry water and gas through same;" that the plat of dedication shows North street to be fifty feet in width, extending along and in front of the strip in controversy; that it shows Hill street to be thirty-five feet in width, paralleling North street, with an intervening strip of land twenty feet in width; that when the plat was filed, a street railway was operated over the intervening strip by the Spokane & Montrose Motor Railway Company; that it continued to operate the road until some time in 1904, when the rails and ties were removed, and that it has not since been used for railroad purposes; that in the year 1894, Cook and wife executed a deed of conveyance for the strip of land in controversy to such railroad company, and at a later date it executed a deed of conveyance to plaintiff embracing such land. As conclusions of law, the court found that the plaintiff is the owner of the land, and that it is entitled to a permanent injunction against the city. The conclusions of law were made effective by the decree. The city has appealed.

It accepts the findings of fact, but denies that the conclusions of law are proper deductions from the facts found. It rests its contention upon the clause in the deed of dedication

which we have just quoted. The appellant first contends that the strip of land in controversy was dedicated as a part of the street. The appended map illustrates the point in dispute:

The land in controversy is the strip of land twenty feet in width marked "R. R.," and lying between tract A and North street and east of the point of termination of Hill street. We cannot adopt the appellant's view. An intention to dedicate will not be presumed, but must clearly appear. *Columbia & Puget Sound R. Co. v. Seattle*, 33 Wash. 513, 74 Pac. 670.

"Being a voluntary donation, it will not be presumed without the clearest intention to this end." *Shell v. Poulson*, 23 Wash. 535, 63 Pac. 204.

It will be observed that both streets are named and definitely marked upon the plat as having a width of fifty and thirty-five feet respectively. The boundaries of the intervening strip are marked with equal definiteness, and its width is shown on the plat. If the dedicators intended to dedicate it as a street, which of the two streets did they intend should embrace it? It seems clear that the dedication and naming of the two parallel streets with a strip of land twenty feet in width intervening, all marked with certainty, show an express intention not to dedicate the land between the two streets. They did, however, dedicate "as public highways the streets as marked and described." The reservation clause cannot be held to defeat the plain and expressed intention of the dedicators. When the plat of dedication was filed, a street railway was being operated over the disputed strip of ground. It may be that

the clause was inserted for the purpose of protecting some license or easement held by the railway company. However, we need not speculate as to its purpose, as it is obvious that there was no intention to make it a part of either of the streets. *Robinson v. Coffin,* 2 Wash. Ter. 251, 6 Pac. 41.

In *Ayres v. Pennsylvania R. Co.,* 48 N. J. L. 44, 57 Am. Rep. 538, the dedicator laid out a tract in lots and filed a map showing the lots and streets. A street called Railroad avenue, one hundred feet in width, was designated on the map. In its center were parallel lines indicating railroad tracks, and at one place the words "R. R. Depot." In meeting the contention that the strip included within the parallel lines indicating the railroad tracks and depot was not a part of the street, it was said:

"The intent to dedicate two highways separated by a reserved strip is at variance with the map, which delineated but one street, with one name, and of 100 feet width."

Reasoning by antithesis, we have here two parallel highways bearing different names, with their boundaries definitely fixed. If, however, we were in doubt upon this question, that doubt would be removed by the following finding:

"That about the year ―― the city of Spokane improved and graded said North street in front of the property described in the complaint but did not enter upon the said property; that in grading said street there was considerable of a cut made in front of the real estate described in the complaint and where such grade was made the city of Spokane put in a retaining wall, being of a height from a point at the east end of said strip to between four and five feet at the west end thereof."

The rule is well settled that, if the meaning of an instrument is doubtful, the practical construction put upon it by the parties will be accepted by the courts. *City of Noblesville v. Lake Erie & W. R. Co.,* 130 Ind. 1, 29 N. E. 484. The validity of the attempted reservation of the "exclusive rights in all of said streets to lay down pipes and carry water and

gas through same," may well be doubted, but is not before us. It throws no light on the issue of dedication.

The view we have taken of the case makes the other points pressed by the appellant inapplicable. The judgment is affirmed.

DUNBAR, C. J., FULLERTON, MOUNT, and PARKER, JJ., concur.