ALFRED E. NELSON, APPELLANT, V. AUGUST REICK ET AL., APPELLEES.

FILED JULY 11, 1914. No. 17,465.

1. **Injunction: PLEADING AND PROOF: SUFFICIENCY.** The issues and evidence are examined, and found not sufficient to sustain the decree of the trial court.

2. **Highways: DEDICATION.** A public road was established along and on a certain half-section line. A portion of the traveling public followed along and near the line designated in the establishment of the highway, but not directly upon the line, and, as the adjacent land was not inclosed nor cultivated, a portion of the travel left the half-mile section line and passed diagonally over the adjacent land. Some nine or ten years before the trial the then owner of the land constructed a fence along and near the then traveled road, but at a greater distance from the half-section line than one-half the width of a public

road. There was no other evidence of an intention on the part of the owner of the land to dedicate to the public all the land between his fence and half-section line; the use of the roadway being only permissive. *Held,* not sufficient to prove a dedication.

APPEAL from the district court for Boone county: GEORGE H. THOMAS, JUDGE. *Reversed with directions.*

*Albert & Wagner* and *H. C. Vail,* for appellant.

*C. E. Spear* and *F. J. Mack, contra.*

REESE, C. J.

This action is for an injunction to restrain the defendant, the road district overseer, from tearing down and destroying plaintiff's fence erected on or near the east line of his land, which is the southwest quarter of section 23, township 20 north, of range 8, in Boone county. It is alleged in the petition that plaintiff and his grantors have been in possession of said premises for more than 20 years prior to the commencement of the suit; that the public has traveled over and across plaintiff's said land on or near the east line thereof, and are using the same as and for a wagon road; that plaintiff fenced his said premises at or near the east line thereof; that some one entered the premises and cut down and destroyed his said fence; that defendant, as road overseer in the district in which the land is situated, threatens to tear down and destroy any fence that may be constructed along the said east line of plaintiff's land, and threatens to open up and work a public highway over and across the same at or near said line, notwithstanding the fact that no legal highway has ever been established there; and that said overseer will do so unless restrained, whereby plaintiff will be damaged, etc. The prayer is of the ordinary form for injunction. The defendant filed no answer, but made default.

A number of other persons, owners of lands abutting on and nearby the line of the alleged road in question, applied to the court for leave to intervene in the cause as defendants, and, having received permission so to do, filed their joint answer and cross-petition, in which it is al-

leged that for more than 20 years last past the strip of
land in question has been a public highway; that they
each are the owners of lands abutting thereon, and use the
said road for the purposes of ingress and egress to and
from their said lands; and that the closing of said road
will work irreparable injury to them. There is no other
issue presented in the cross-petition. The plaintiff replied
by a general denial, except the admission that the road
overseer had not answered. The cause was tried to the
court, the trial resulting in a decree in favor of the de-
fendants, and dissolution of the injunction. Plaintiff ap-
peals.

We have carefully read the pleadings, bill of exceptions,
abstract, and briefs, and are persuaded that, in part, the
evidence does not sustain the findings and decree of the
district court.

It appears that some 25 years ago a county road was
duly established on and along the half-section line be-
tween the southwest quarter of section 23 (now owned by
plaintiff) and the southeast quarter of the same section,
owned by another; that the lands at that time were unoc-
cupied and uncultivated; and that, while the general di-
rection of the established road was followed by a part of
the public, yet a great portion of the public in passing
over that part of the country paid little attention to the
exact line of the road, and often deviated a considerable
distance from the line and passed over the adjoining land,
diagonally crossing the tract now owned by plaintiff. The
true line of the roadway has been followed by a portion
of the public, but, in fact, little attention was paid to the
exact location of the road. At one time a fence was con-
structed by the then owner of the land, which now belongs
to plaintiff, and which fence seems to have been con-
structed with reference to the then traveled road; but we
find no sufficient evidence that there was any intention on
the part of the owner to dedicate all the land between
his fence and the half-section line to the public. The
fence was constructed some nine or ten years before the
trial, but had been removed by plaintiff about one year

before the trial. A considerable part of the testimony bears upon the time of its construction and its relation to the then traveled road, which, as we view the case, is of minor importance. Prior to the commencement of this suit, plaintiff commenced the construction of another fence, having reference to the half-section line upon which the road had been legally established, leaving half the width of the established road, but which impinged upon the traveled roadway. A preliminary injunction was issued enjoining the defendant, the road overseer, from molesting the "new" fence. Should the road be held to have been established, either by use or dedication, as now traveled, it would, to some extent at least, result in a practical abandonment of the established road, and cut from plaintiff's land a wedge-shaped strip, thus depriving him of his property. Under the evidence in this case, we do not think this should be done. It is within the common knowledge of all the earlier settlers of this state that, until wild lands were inclosed by some method known to the law, the traveling public paid little heed to "laid out" roads. This seems to have been the case with the road in question. But as land has become more valuable, the landowners, by common consent and legal right, are cultivating and improving to their lines, preserving, of course, the legitimate rights of the public in its established roads. It requires more than a passive permission to have the effect of a dedication and surrender of a private right to public use of one's property. The highway is where it was legally established, and slight deviations from the true line will not have the effect of an abandonment thereof and the establishment of a highway nearby, unless more is shown in the way of physical conditions or longer continued use than in this case. The legal highway is on the half-section line where the road was established, and plaintiff has the right to inclose his land to the margin of such highway.

The decree of the district court is reversed and the cause is remanded to that court, with directions to enter a decree reinstating the injunction, rendering it perpetual.

REVERSED.