CITY OF PALMETTO, A MUNICIPAL CORPORATION, *Appellant*, v. LUCRETIA A. KATSCH AND W. A. KATSCH, HER HUSBAND, AND LULA M. HICKS AND R. C. HICKS, HER HUSBAND, *Appellees*.

Opinion Filed November 28, 1923.

1. An appeal from an interlocutory order brings up nothing but the specified order, but an appeal from a final decree brings up all interlocutory orders for consideration.

2. A municipality in this State may acquire lands for public purposes by grant, dedication, condemnation or prescription.

3. A common law dedication is the setting apart of lands for public use, to constitute which there must be an intention by the owner clearly indicated by his words or acts to dedicate the land to public use and an acceptance by the public of the dedication.

4. Whether an express or an implied dedication is relied on, the *intention* of the owner to set apart the lands for the use of the public is the foundation and essence of every dedication.

5. The act of dedication is affirmative in character and may be manifested by written grant, affirmative acts, permissive conduct or any other appropriate manner in which the owner sees fit to indicate a present intention to appropriate his lands to public use.

6. Mere user by the public although long continued should be regarded as a license only revocable at the pleasure of the owner where it does not appear that any public or private interests have been acquired upon the faith of the supposed dedication, which would be materially impaired if the dedication were revoked.

7. The mere fact of use by the public for an extended period without the consent or objection of the owner, does not show an intention to dedicate.

8. Property ownership is one of the most sacred rights protected by the Constitution, and no municipality has a right to deprive one of such ownership except by due process of law.

9. A town council may declare certain streets to exist and order that they be opened, but such declaration cannot give the right of entry for that purpose against private rights asserted on the basis of ownership possession.

10. Assessment certificates issued against abutting property for street improvement prior to the acquirement of the right of way for and the legal establishment of the street are void.

This case was decided by Division B.

An Appeal from the Circuit Court for Manatee County; M. A. McMullen, Judge.

Affirmed.

*W. T. Harrison,* for Appellant;

*H. S. Glazier* and *Dewey A. Dye,* for Appellees.

TERRELL, J.—The City of Palmetto, a Municipal Corporation, brought suit against Lucretia A. Katsch and Lula M. Hicks to foreclose four assessment liens claimed by reason of the construction, grading and paving of Main and Elm Streets where they traverse lands of the said Katsch and Hicks situated about the point of intersection thereof in the said City of Palmetto.

The suit of the complainant is resisted on the ground that at the time the assessments were laid and the certificates issued the City of Palmetto was without authority to construct, grade or pave the said streets because no right-of-way over and across the lands of the defendants had ever been acquired, that the construction of said streets across their lands had never been authorized by defendants, and that the complainant was not legally empowered to open and improve the said streets.

On the taking of testimony the court below entered a final decree finding the equities in favor of the defendants and adjudging the four certificates illegal and void and cancelling same as clouds on the title of the lands of the defendants described therein. From this order appeal was taken.

There was a demurrer to the bill of complaint, and a motion to strike certain parts of defendants' answer, and on argument both were overruled by the court. Appellees

contend that this being an appeal from a final decree, and no appeal having been taken from the order of the court overruling the said demurrer and motion, such orders cannot be assigned as error here. This contention is not well founded, as this court has repeatedly held that while an appeal from an interlocutory order brings up nothing but the specified order, yet an appeal from a final decree brings up all interlocutory orders for consideration. Burr v. Powell, 63 Fla. 379, 58 South. Rep. 29; McCall v. Lee, 66 Fla. 14, 62 South. Rep. 902.

Appellant assigns several grounds of error, but they may all be resolved into two primary questions to be answered by this court, *viz*: (1) At or prior to the time the assessments in question were laid, had the City of Palmetto acquired title to the right-of-way over defendants' lands described in said certificates? (2) Were the assessments for street improvements against the lands of defendants described in said certificates legally made?

In this country a municipality may acquire lands for public purposes by grant or dedication, condemnation or prescription. The City of Palmetto in the case at bar bases its claim to the right-of-way over defendants' lands at the intersection of Main and Elm Streets as described in the certificates in question upon a grant or dedication by use. No claim is made on the basis of condemnation or prescription, and no testimony is submitted to support such a claim.

In Florida East Coast Ry. Co. v. City of Miami, 79 Fla. 539, 84 South. Rep. 726, this court held that a common law dedication is the setting apart of land for public use, and to constitute it there must be an intention by the owner clearly indicated by his words or acts to dedicate the land to the public use, and an acceptance by the public of the dedication. This seems to be the general rule, and

whether an express or an implied dedication is relied on, the *intention* of the owner to set apart the lands for the use of the public is the foundation and essence of every dedication. Kirkland v. City of Tampa, 75 Fla. 271, 78 South. Rep. 17; McGourin v. Town of DeFuniak Springs, 51 Fla. 502, 41 South. Rep. 541; Gentlemen v. Soule, 32 Ill. 271, 83 Am. Dec. 264; Manderschid v. City of Dubuque, 29 Iowa 73; Lee v. Lake, 14 Mich. 12; Note 11 L. R. A. 57; Note 27 Am. Dec. 562; California Nav. & Imp. Co. v. Union Transp. Co., 126 Cal. 433, 58 Pac. Rep. 936; Town of Marion v. Skillman, 127 Ind. 130, 26 N. E. Rep. 676; Shanline v. Wiltsie, 70 Kan. 177, 78 Pac. Rep. 436; State to Use of James v. County Com'rs. of Kent County, 83 Md. 377, 35 Atl. Rep. 62; Warren v. Pres. of Jacksonville, 15 Ill. 236, 58 Am. Dec. 610; Edwards & Walsh Const. Co. v. Jasper County, 117 Iowa 365, 90 N. W. Rep. 1006; 8 R. C. L. 890; 4 McQuillan on Municipal Corporations 3239; 2 Tiffany on Real Property (2nd ed.) 1862; Harper v. State, 109 Ala. 66, 19 South. Rep. 901; City of Denver v. Jacobson, 17 Colo. 497, 30 Pac. Rep. 246; City of Hartford v. New York & N. E. R. Co., 59 Conn. 250, 22 Atl. Rep. 37; Swift v. Mayor, etc., of Lithonia, 101 Ga. 706, 29 S. E. Rep. 12; Hayden v. Stone, 112 Mass. 346; Provident Trust Co. v. City of Spokane, 63 Wash. 92, 114 Pac. Rep. 1030; Lynchburg Traction & Light Co. v. Guill, 107 Va. 86, 57 S. E. Rep. 644.

The act of dedication is affirmative in character, need not be by formal act or dedication, may be by parole, may result from the conduct of the owner of the lands dedicated, and may be manifested by a written grant, affirmative acts or permissive conduct of the dedicator. In fact, any manner in which the owner sees fit to indicate a present intention to appropriate his lands to public use meets the requirement of the law.

The means generally exercised to express one's purpose or intention to dedicate his lands to the public use are by a (1) written instrument executed for that purpose; (2) filing a plat or map 'of one's property designating thereon streets, alleys, parks, &c.; (3) platting one's lands and selling lots and blocks pursuant to said plat indicating thereon places for parks, streets, public grounds, &c.; (4) recitals in a deed by which the rights of the public are recognized; (5) oral declarations followed by acts consistent therewith; (6) affirmative acts of the owner with reference to his property such as throwing it open in a town, fencing and designating streets thereon; (7) acquiescence of the owner in the use of his property by the public for public purposes.

As stated by McQuillan, a dedication by use for public purposes occurs only where it clearly appears that the use is with the knowledge and consent of the owner, or without his objection, and under such circumstances as fairly to give rise to the presumption that the owner intended to dedicate to such use. And mere uses by the public although long continued, should be regarded as a license only, revocable at the pleasure of the owner, where it does not appear that any public or private interests have been acquired upon the faith of the supposed dedication, which would be materially impaired if the dedication were revoked.

The evidence in this case is conclusive to the effect that the lands as described by the certificates in question were owned in fee by the defendants; that they were a part of a low, marshy basin or wet-weather pond; that the said lands were inherited by defendants from their father, the late J. W. Mitchell; that they were always very damp, or covered with water during the rainy season; that they had never been platted, nor had defendants or their predeces-

sors in title at any time prior to the beginning of this suit or since by written instrument, oral declaration, acquiescence or otherwise declared their intention to set apart the said lands for public use.

The evidence further shows that the lands in question were vacant and unoccupied; that in dry weather the public could drive over or around the edges of the said lands, but that prior to the time of the construction, grading and paving with which defendants are charged in this suit there was no well defined street or roadway over the said lands where Elm and Main Streets are now located, and in fact if such streets had been extended over the said lands they would not have been passable during the wet season. Such uses of the premises in question as was exercised by the public prior to the accrual of the cause of this action was intermittent, was without the permission of the defendants and is in no wise connected with an intention on the part of defendants to dedicate the same or any part thereof for the public use.

The mere fact of user by the public for an extended period without the consent or objection of the owner does not show an intention to dedicate. City and County of San Francisco v. Grote, 120 Cal. 59, 52 Pac. Rep. 127, 41 L. R. A. 335; Irwin v. Dixon, 9 How. (U. S.) 10; Healey v. Atlanta, 125 Ga. 736, 54 S. E. Rep. 749; Whittaker v. Ferguson, 16 Utah 240, text 245, 51 Pac. Rep. 980; Stacey v. Miller, 14 Mo. 478; Nelson v. Reick, 96 Neb. 486, 148 N. W. Rep. 331; Worthington v. Wade, 82 Tex. 26, 17 S. W. Rep. 520; 2 Tiffany on Real Property, p. 1863; 4 McQuillan on Municipal Corporations, p. 3249.

The record disclosing that defendants were not citizens or residents of Palmetto, that they had paid all city taxes on the lands involved here up to the institution of this suit, that the said lands were vacant, unoccupied and not

appropriated to any particular purpose, that such user as was exercised by the public was occasional as weather conditions permitted without objection on the part of defendants, that no claim of the city to the lands in question is based on condemnation or prescription, and no purpose or intention on the part of defendants being shown to grant or dedicate the lands or any part thereof for street purposes, the judgment of the Chancellor on this point was proper.

The question of whether or not plaintiff below had acquired its right-of-way having been disposed of, the question of the validity of the improvement certificates is of easy solution.

Depriving one of his property is not a trivial matter. The ownership of property is one of the most sacred rights encouraged and protected by both our State and Federal Constitution. There is no greater safeguard to the perpetuity of our republican traditions and institutions than the responsibility of property ownership, and no municipality has a right to deprive one of such ownership except by due process of law and making just compensation therefor, as defined by the Constitution.

State and municipal governments are instituted and taxes collected for the purpose of protecting the personal and property rights of its citizens, and the officers of a municipality or State have no more responsible duty than to see that these rights are safeguarded. A town council may declare certain streets to exist and order that they be opened, but such a declaration cannot give the right of entry for that purpose as against private rights asserted on the basis of ownership and possession. State *ex rel.* Lafitte v. Judge of Division C. Civil District Court, 51 La. Ann. 1768, 26 South. Rep. 374.

17—Vol. 86.

We think it is fundamental that a street must be prop-erly established before it can be legally improved, and the City of Palmetto having in the instant case failed to do this or acquire any right-of-way for that purpose, the assessments and certificates complained of are void. Detroit v. Detroit, Monroe & Toledo Ry. Co., 49 Mich. 47, 12 N. W. Rep. 904; Harmon v. City of Omaha, 53 Neb. 164, 73 N. W. Rep. 671.

The judgment of the Circuit Court of Manatee County is affirmed.

WHITFIELD, P. J., AND WEST, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.